[Cite as *State of Ohio Dept. of Dev. v. Matrix Centennial, L.L.C.*, 2014-Ohio-3251.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State of Ohio
Department of Development,

:

:

Plaintiff-Appellee,

:

v.

No. 14AP-47

:

(C.P.C. No. 12CV-1350)

Matrix Centennial, LLC,

:

(REGULAR CALENDAR)

Defendant-Appellant.

:

:

D E C I S I O N

Rendered on July 24, 2014

*Cooke, Demers & Gleason, LLC, Adam J. Bennett* and *Andrew P. Cooke*, for appellee.

*Isaac Wiles Burkholder & Teetor, LLC, Kerry T. Boyle* and *Mark A. Glumac*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Matrix Centennial, LLC ("Matrix"), appeals the Franklin County Court of Common Pleas decision granting of plaintiff-appellee, the State of Ohio Department of Development's ("ODOD") motion for summary judgment. For the following reasons, we affirm the trial court's decision.

{¶ 2} Matrix presents five assignments of error for our consideration:

[I.] The trial court did not enter a final appealable order because if failed to determine the specific amount of collection costs awarded to ODOD.

[II.] The trial court erred in granting ODOD summary judgment on its breach of contract claim.

[III.] The trial court erred in denying Matrix's Motion for Summary Judgment.

[IV.] The trial court erred in granting ODOD collection costs under R.C. 131.02.

[V.] The trial court erred in granting ODOD's Motion for Leave.

{¶ 3} Matrix is a real estate development company which agreed to develop a site at 1492 Rockwell Avenue, Cleveland, Ohio.  Matrix applied for and was awarded a $2,500,000 Job Ready Site grant ("Grant Agreement") in June 2007 from ODOD for developing the Rockwell site.  Pursuant to the Grant Agreement with ODOD, Matrix agreed to construct a 90,000 square foot office building and obtain the necessary additional financing.

{¶ 4} Two amendments to the Grant Agreement were executed extending the project completion date until December 18, 2010.  Matrix asked for an additional one-year extension in November 2010 arguing that market conditions caused by the Great Recession required additional time to complete the project and to acquire the requisite funding.  ODOD did not agree to the November 2010 amendment and eventually filed a complaint against Matrix on February 1, 2012 for breach of contract and unjust enrichment.  ODOD requested that the grant money of $755,920.22 that had already been distributed be returned.

{¶ 5} Matrix filed a motion for summary judgment on September 3, 2013.  On September 17, 2013, ODOD filed a motion for summary judgment, memorandum in opposition to Matrix's motion, and a motion for leave to file their motion for summary judgment instanter with the trial court.  The trial court allowed ODOD to file its motion for summary judgment.

{¶ 6} On December 17, 2013, the trial court denied Matrix's motion for summary judgment and granted ODOD's motion for summary judgment.  The trial court found that the Grant Agreement is a contract, that Matrix had breached that contract, and Matrix's failure to obtain financing for the project does not relieve it of liability.  The trial court found that the repayment provision of the Grant Agreement was valid and awarded

ODOD the $755,920.22 it had already distributed to Matrix. The trial court also granted recovery of the attorney general's collection costs pursuant to R.C. 131.02. Matrix timely appealed the trial court's decision.

{¶ 7} Matrix's first assignment of error argues that the trial court did not enter a final appealable order because it failed to determine the specific amount of collection cost awarded to ODOD pursuant to R.C. 131.02.

{¶ 8} R.C. 131.02 governs the collection of amounts due the State and allows for the attorney general to assess and assert collection costs. Matrix argues that these collection costs are analogous to attorney fees. The two are not analogous. Attorney fees can be assessed at judgment while collection costs could begin and continue to accrue after judgment is rendered and if amounts are owed more than 45 days past due. Collection costs would depend on future events and could not be specified by a trial court if the amount due in contention had not been paid. Matrix has yet to repay ODOD any amount. Therefore, the trial court could not specify the total collection costs. The trial court did not need to specify the amount of the possible future collection costs of this case in order to make a final appealable order.

{¶ 9} The first assignment of error is overruled.

{¶ 10} Matrix also claims in its fourth assignment of error that ODOD failed to plead its claim for collection costs under R.C. 131.02 in its complaint and therefore cannot do so in its motion for summary judgment. The relevant section of the statute states:

> [W]henever any amount is payable to the state, the officer, employee, or agent responsible for administering the law under which the amount is payable shall immediately proceed to collect the amount or cause the amount to be collected and shall pay the amount into the state treasury or into the appropriate custodial fund in the manner set forth pursuant to section 113.08 of the Revised Code. Except as otherwise provided in this division, if the amount is not paid within forty-five days after payment is due, the officer, employee, or agent shall certify the amount due to the attorney general, in the form and manner prescribed by the attorney general, and notify the director of budget and management thereof. * * * The attorney general may assess the collection cost to the amount certified in such manner and amount as prescribed by the attorney general.

R.C. 131.02(A).  It is clear that once an amount is 45 days past due and certified to the attorney general, the attorney general may assess collection costs.  The attorney general need not file a claim with the trial court in order to do so.

{¶ 11}  The fourth assignment of error is overruled.

{¶ 12}  The second and third assignments of error argue the trial court erred in granting ODOD's motion for summary judgment and denying Matrix's respectively. Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:   "[T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  No evidence or stipulation may be considered except as stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion."

{¶ 13}  Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party.  *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978).  "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim."  *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).  Once the moving party meets its initial burden, the non-moving party must then produce competent evidence showing that there is a genuine issue for trial.  *Id.* at 293.

{¶ 14}  De novo review is well established as the standard of review for summary judgment.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard.  As such, we must affirm the trial court's judgment if any of the grounds raised by the moving party, at the trial court's level, are found to

support it, even if the trial court failed to consider those grounds. *See Dresher; Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 15} Matrix argues that the Grant Agreement was not a contract but a gratuitous promise. " 'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.' " *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976).

{¶ 16} In order to prove the existence of a contract the parties must be shown to have consented to the terms of the contract, that both parties had a meeting of the minds, and the terms of the contract are definite and certain. *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 2002-Ohio-443 (10th Dist.). For a breach of contract claim, several elements must be present: the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff. *Doner v. Snapp*, 98 Ohio App.3d 597, 600 (2d Dist.1994).

{¶ 17} The Grant Agreement requires that Matrix complete the project no later than December 18, 2009, a date that was amended twice before ODOD sought to claw back the distributed funds. (Grant Agreement, at 5.)

{¶ 18} Matrix argues that there is a lack of consideration and that ODOD would not receive any benefit in exchange for agreeing to grant the funds. Instead, ODOD would receive a benefit from the agreement. ODOD, pursuant to the authority under R.C. Chapter 122, recommended Matrix's application to the State Controlling Board. (Grant Agreement, C.) R.C. Chapter 122, which governs ODOD, also specified that the creation of the Job Ready Sites was a goal of ODOD. "There is hereby created the job ready site program to provide grants to pay for allowable costs of eligible applicants for eligible projects." R.C. 122.086(A). It is clear that ODOD would have received the benefit of fulfilling its statutory objectives of creating Job Ready Sites.

{¶ 19} We find the Grant Agreement is a contract. Matrix breached the terms of the Grant Agreement by not completing the 90,000 square foot office building specified

in the Grant Agreement.  This harmed ODOD which had already distributed $755,920.22 and had yet to see the bargained for benefit of creation of a Job Ready Site.

{¶ 20} The Grant Agreement allowed ODOD to claw back the amount it had already paid to Matrix as reasonable liquidated damages.  Paragraph 15 sets forth the conditions under which ODOD may demand the repayment of funds distributed:

> 15. Repayment of Funds.  If Grantee failed to meet the terms of this Agreement, Grantee shall return to Grantor, for repayment to the Development Fund, all or a portion of Funds provided to Grantee as determined by Grantor.  In no event shall Grantee be required to return an amount in excess of the total Funds granted under this Agreement.  Any repayment of Funds under this Agreement shall take place according to the following:
>
> a). If Grantee does not complete the Project by the Project Completion Date, and Grantor terminates this Agreement on that basis, or for any other basis under the Termination provisions of the this Agreement, then Grantee shall pay to Grantor all or a portion of the Funds provided to Grantee as Grantor reasonably determines.  Grantee shall pay this amount to Grantor not later than thirty (30) days after the Expiration Date.

(Grant Agreement, at 15.)  A liquidated damages provision can be enforced "[w]here the parties have agreed on the amount of damages, ascertained by estimation and adjustment, and have expressed this agreement in clear and unambiguous terms, the amount so fixed should be treated as liquidated damages and not as a penalty." *Samson Sales, Inc. v. Honeywell, Inc.*, 12 Ohio St.3d 27, 28 (1984).

{¶ 21} Matrix claims that there is a genuine issue of material fact as to the reasonableness of ODOD's decision to claw back the entire distribution of $755,920.22.  However, we agree with the trial court that the repayment provision is clear and unambiguous.  This provision states that ODOD had the ability to demand repayment of "all or a portion of" the funds provided to Matrix upon breach of the contract.  As such, ODOD had the ability to collect up to $755,920.22 in funds.  The fact that ODOD was able to demand repayment for less than the total amount paid does not render that provision of the Grant Agreement ambiguous.  The testimony by ODOD's representative relied on

by Matrix is also consistent with the terms of the Grant Agreement. Therefore, we find the repayment provision is enforceable and allows for collection of the total distribution.

{¶ 22} Matrix claims that the economic conditions made the performance of the contract impossible. These economic conditions did not create a physical or legal impossibility. Matrix is simply arguing that the change in the economic climate made securing financing extremely difficult. This does not excuse Matrix's obligations under the contract. The possibility of severe economic downturn would have been considered when negotiating a contract for the completion of a speculative office building.

{¶ 23} Matrix has failed to raise any genuine issues of material fact. Having found that the Grant Agreement is a contract, that Matrix breached that contract, and ODOD was harmed as a result of that breach, we agree with the trial court that ODOD's motion for summary judgment was well-taken. Concurrently, Matrix's motion for summary judgment was properly denied.

{¶ 24} The second and third assignments of error are overruled.

{¶ 25} Matrix claims in its fifth assignment of error, that the trial court erred in granting ODOD's motion for leave to file its motion for summary judgment. ODOD failed to file its motion for summary judgment before the dispositive motion deadline. The trial court granted ODOD leave to file its motion for summary judgment instanter past the deadline.

{¶ 26} Civ.R. 6(B) provides:

> [B]y order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect[.]

It is well-settled that a trial court may permit the filing of an untimely answer where the record contains sufficient evidence of excusable neglect. *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 465 (1995). In determining whether neglect is excusable or inexcusable, a trial court must take into consideration all the surrounding facts and circumstances, and must be mindful of the admonition that cases should be decided on their merits, where possible, rather than on procedural grounds. *Fowler v. Coleman*, 10th Dist. No. 99AP-319 (Dec. 28, 1999). Excusable neglect cannot

be defined in the abstract, however the test for excusable neglect under Civ.R. 6(B) is less stringent than that applied under Civ.R. 60(B).  *Lindenschmidt* at 466.

{¶ 27} "A trial court's Civ.R. 6(B) determination is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion."  *Id.* at 466.  "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 28} Matrix argues that ODOD failed to show excusable neglect as required by Civ.R. (6)(B)(2).  ODOD argues in its motion for leave to file its motion for summary judgment that the original dispositive motion cut-off was modified several times to allow the parties to complete discovery and the cut-off was eventually placed on Labor Day. Due to the cut-off date being placed on a federal holiday, it was inadequately recorded on ODOD's counsel's calendar.

{¶ 29} Matrix does not argue it was prejudiced by the allowance of ODOD's motion for summary judgment being filed after the deadline.  Matrix argues, therefore, that the trial court's decision should be reversed on procedural grounds.  We find that the trial court was mindful that cases should be decided on the merits where possible and did not abuse its discretion in granting ODOD's motion for leave to file summary judgment.

{¶ 30} The fifth assignment of error is overruled.

{¶ 31} Having overruled all the assignments of error, the decision of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.