[Cite as *Forinash v. Weber*, 2017-Ohio-1076.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Brett Forinash                                    Court of Appeals No. S-16-019

        Appellant                          Trial Court No. 13 CV 712

v.

Angela Weber                                    **DECISION AND JUDGMENT**

        Appellee                          Decided:  March 24, 2017

* * * * *

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} Appellant, Brett Forinash, appeals the judgment of the Sandusky County Court of Common Pleas, granting him summary judgment on his claims for defamation and spoliation of evidence against appellee, Angela Weber, and awarding him damages in the amount of $600 along with $2,000 in attorney fees.  We reverse, in part, and affirm, in part.

## A. Facts and Procedural Background

{¶ 2} On August 2, 2013, appellant filed a complaint with the trial court, stemming from a written post appellee published on her Facebook profile on November 8, 2012, in which she stated that appellant was "hooked on porn [and] watches dirty movies with teenage girls." A copy of the Facebook post was attached to appellant's complaint. The complaint further alleged that appellee published several additional Facebook posts that "placed him before the public in a false light." These posts, which primarily pertain to an ongoing court battle involving the parties' minor child, were also attached to the complaint. According to appellant's complaint, the statements were defamatory in nature. Thus, appellant sought damages in excess of $25,000, as well as an order directing appellee to remove the defamatory statements and refrain from disseminating any additional defamatory statements.

{¶ 3} Ten months later, appellant filed an amended complaint with leave of court, in which he asserted an additional claim for spoliation of the evidence premised upon the allegation that appellee "admitted under oath that she removed all Facebook posts that were mentioned in the suit."

{¶ 4} In response to appellant's amendment of his complaint, appellee filed an answer in which she generally denied appellant's allegations. Appellee also filed a motion to dismiss appellant's spoliation claim. In her motion to dismiss, appellee asserted that she removed the offending Facebook posts upon receipt of the complaint in which appellant sought an order from the court directing her to remove the posts.

2.

Because he failed to seek a protective order precluding her from removing the Facebook posts, and in light of his desire to have such posts removed as evidenced by his complaint, appellee argued that appellant was precluded from recovering on his claim for spoliation of the evidence.

{¶ 5} Thereafter, appellant filed his memorandum in opposition to appellee's motion to dismiss. Additionally, appellant filed a motion seeking summary judgment on his claims for defamation and spoliation of the evidence on September 16, 2015. Appellee did not file a response to appellant's motion for summary judgment.

{¶ 6} On October 9, 2015, the trial court, without ruling on appellee's motion to dismiss, issued its order granting appellant's motion for summary judgment and setting the matter for a hearing on damages.

{¶ 7} Following the hearing on damages, the trial court determined that appellant was "clearly defamed by the postings [appellee] made to her Facebook pages. He was damaged in his relationship with his daughter with [appellee], as well as his relationship with his daughter with his ex-wife." Consequently, the court awarded appellant $100 in nominal damages. Further, the court awarded appellant $500 in punitive damages after finding that appellee acted with malice in posting the defamatory material on her Facebook profile. Finally, the court ordered appellee to pay court costs as well as $2,000 in "reasonable attorney fees incurred by [appellant] in prosecuting this action." Appellant's timely appeal followed.

3.

## B. Assignments of Error

{¶ 8} On appeal, appellant presents the following assignments of error:

I. The trial court erred in its calculation of damages, as it applied the incorrect legal standard in a defamation per se case.

II. The trial court erred when it never addressed damages with respect to the spoliation of evidence count it granted in Appellant's summary judgment motion.

## II. Analysis

{¶ 9} In his first assignment of error, appellant argues that the trial court erred in its calculation of damages and applied the incorrect legal standard.

{¶ 10} At the outset, we find no merit to appellant's claim that the trial court applied the incorrect legal standard. When a complaint alleges defamation per se, damages are presumed. *Williams v. Gannett Satellite Information Network, Inc.*, 162 Ohio App.3d 596, 2005-Ohio-4141, 834 N.E.2d 397, ¶ 7 (1st Dist.). The trial court applied this presumption in this case. Appellant does not argue otherwise.

{¶ 11} Appellant also argues that the trial court applied the incorrect standard in its award of punitive damages. We find no merit to appellant's argument. Furthermore, in light of the fact that the trial court found in appellant's favor on the issue of punitive damages, we find that appellant's argument is moot.

{¶ 12} Next, appellant argues that the trial court erred in its calculation of damages. Where the amount of the award of damages is in dispute, the decision of the

4.

trier of fact may not be overturned on appeal so long as competent, credible evidence supports the award. *Whitt Sturtevant, LLP v. NC Plaza LLC*, 2015-Ohio-3976, 43 N.E.3d 19.

{¶ 13} Concerning its rationale behind the award of nominal damages, the trial court noted in its entry that appellant's standing in the community was not tarnished by appellee's Facebook posts since he lives in the Youngstown area and appellee lives in Sandusky County "where the Facebook posts would primarily have been read." Moreover, the court found that appellant did not lose his job or suffer any reduction in wages due to appellee's defamatory statements. Thus, the court determined that an award of nominal damages was appropriate.

{¶ 14} Appellant argues that this finding was incorrect because appellee's defamatory statements, having been posted on the internet, were not confined to a certain geographic region. We agree with appellant that the distribution of appellee's Facebook posts was likely not limited to the Sandusky County area. Indeed, appellant's unrefuted testimony reveals that he was questioned about the statements by friends from North Carolina. The record contains no competent and credible evidence to support the court's finding that appellee's defamatory statements were only viewed by residents of Sandusky County. Further, it would defy reality to conclude that a post on a social networking internet site such as Facebook is in any way limited in its geographic reach. Thus, we find that the trial court erred in its award of nominal damages.

5.

**{¶ 15}** Additionally, appellant challenges the trial court's award of attorney fees, arguing that the trial court failed to take the actual costs of litigation into account in determining that $2,000 was a reasonable award.

**{¶ 16}** This court's standard of review of a trial court's determination regarding the award of attorney fees is abuse of discretion. *Einhorn v. Ford Motor Co.*, 48 Ohio St.3d 27, 29, 548 N.E.2d 933 (1990). "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary, or unconscionable. *In re C.K.*, 2d Dist. Montgomery No. 25728, 2013-Ohio-4513, ¶ 13, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993). Furthermore, a reviewing court should not interfere with a fee award unless the amount of fees determined is so high or so low as to shock the conscience. *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146, 569 N.E.2d 464 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91, 491 N.E.2d 345 (12th Dist.1985).

**{¶ 17}** Here, appellant complains that the trial court did not address the "sheer hours" spent prosecuting this case prior to awarding attorney fees. Aside from the conclusory statement that the trial court's attorney fee award was inadequate, appellant fails to point to any evidence in the record that would support his argument. Upon our review of the record, we do not find that the trial court's award was so low as to shock the conscience. Thus, we find no merit to appellant's attorney fee argument.

6.

{¶ 18} Having found that the trial court erred in its award of nominal damages based upon the unsupported assertion that appellee's Facebook post was only viewed by residents of Sandusky County, we find appellant's first assignment of error well-taken.

{¶ 19} In his second assignment of error, appellant argues that the trial court erred by failing to specifically address damages with respect to his spoliation of evidence claim. Notably, appellant fails to point to any evidence contained within the record that would establish any such damages. Rather, the record confirms that he suffered no damages as a result of appellee's removal of the defamatory Facebook posts. Indeed, appellant attached copies of the posts to his complaint, thereby preserving the content of the posts. Further, he was awarded summary judgment on the actual defamation claim premised on those posts. Finally, we find that the language in appellant's complaint argues against an award of damages for spoliation of the evidence, where the complaint seeks, among other things, the removal of the offending Facebook posts from appellee's Facebook profile. Under these circumstances, we find that the trial court's failure to award damages to appellant for his spoliation claim was supported by competent, credible evidence.

{¶ 20} Accordingly, appellant's second assignment of error is not well-taken.

### III. Conclusion

{¶ 21} In light of the foregoing, we reverse the trial court's award of nominal damages under appellant's defamation claim and remand this matter to the trial court so it can reexamine the issue of appellant's damages consistent with this decision and fashion

7.

an appropriate award to appellant. The trial court's judgment is affirmed in all other respects. Pursuant to App.R. 24, costs of this appeal are to be divided equally between the parties.

Judgment reversed, in part
and affirmed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
                                             JUDGE

Thomas J. Osowik, J.

               _____

James D. Jensen, P.J.                                      JUDGE
CONCUR.

               _____
                                             JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

8.