[Cite as *Lloyd v. Thornsbery*, 2021-Ohio-239.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| SUSAN LLOYD, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2019-P-0080** |
| JOSHUA THORNSBERY, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2016 CV 00230.

Judgment: Affirmed.

*Susan Lloyd,* pro se, P.O. Box 2577, Streetsboro, OH 44241 (Plaintiff-Appellant).

*Mark J. Hanna,* P.O. Box 301, Kent, OH 44240 (For Defendants-Appellees, C and N Forestry, Cindy Simcox, and Connor Zanoskar).

*Jason A. Whitacre,* Flynn, Keith & Flynn, 214 South Water Street, Kent, OH 44240 (For Defendants-Appellees, Apryle Davis, Darrel Huber, Eric Siwierka, Jamie Newman, Jason Ortman, Joshua Thornsbery, Nick Balas, Phillip Siwierka, Shelly Ortman, Staci Dalton Liddle, Theresa Giaimo, and Tim Welms).

*Lindsay N. Molnar,* Perduk & Associates Co., LPA, 3603 Darrow Road, Stow, OH 44224 (For Defendants-Appellees, Michael Szabo and Sandi Szabo).

*Craig G. Pelini,* Pelini, Campbell & Williams, LLC, 8040 Cleveland Avenue, NW, Suite 400, North Canton, OH 44720 (For Defendants-Appellees, Justin Smialek and Pam Wilms).

*Daniel Bennett,* pro se, 119 Ebersole Road, Fredericktown, OH 43019 (Defendant-Appellee).

*Harley Angel a.k.a. Robin White*, pro se, 10254 Brosius Road, Garrettsville, OH 44231 (Defendant-Appellee).

*Amanda Shuherk,* pro se, 08577 County Road C, Bryan, OH 43506 (Defendant-Appellee).

*David Trussel,* pro se, 6412 Linda Lane, Ravenna, OH 44266 (Defendant-Appellee).

*Frank Chlad,* pro se, 10122 William Henry Drive, Streetsboro, OH 44241 (Defendant-Appellee).

*Jaird Kendzior,* pro se, 1094 Moneta Avenue, Aurora, OH 44202 (Defendant-Appellee).

*Marty Kendzior,* pro se, 6576 Munsell Road, Howell, MI 48843 (Defendant-Appellee).

*Rebecca Schaffer,* pro se, 6412 Linda Lane, Ravenna, OH 44266 (Defendant-Appellee).

*Sebastian Dzialuk,* pro se, 7085 Seven Hills Boulevard, Seven Hills, OH 44131 (Defendant-Appellee).

*Sue Whitlam,* pro se, 466 Brentwood Avenue, Kent, OH 44240 (Defendant-Appellee).

*William Taylor,* pro se, 2122 Gates Avenue, Streetsboro, OH 44241 (Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Susan Lloyd, pro se, appeals six Judgment Entries or Orders of the Portage County Court of Common Pleas, which generally denied Ms. Lloyd's post-judgment motions and granted various defendant-appellees' motions. For the reasons discussed herein, the judgments are affirmed.

{¶2} In January 2016, Ms. Lloyd purchased a house on Dorothy Drive in Streetsboro, Ohio. There was immediate conflict between her and her next-door neighbor, Joshua Thornsbery, the primary appellee herein. The dispute began when Mr. Thornsbery's dogs relieved themselves on her property. It escalated when Mr. Thornsbery removed trees Ms. Lloyd believes were located, at least partially, on her property. The conflict was further aggravated by Mr. Thornsbery and his neighbors

2

holding large bonfires and smoking, which aggravated Ms. Lloyd, who uses oxygen. Eventually, Ms. Lloyd built a fence between the two properties, put up security cameras, and posted "no smoking, oxygen in use" signs. Several times, Ms. Lloyd called the authorities on Mr. Thornsbery, once resulting in a citation for the illegal burning of untreated wood. Mr. Thornsbery, in return, posted his own security cameras, continued to hold bonfires in his backyard, and he and his friends, the other defendant-appellees herein, posted about Mr. Thornsbery's "neighbor" pejoratively on Facebook.

{¶3}    Ms. Lloyd filed a complaint against Mr. Thornsbery and his friends in March 2016. Several motions for a more definite statement were granted and, ultimately, Ms. Lloyd's fourth amended complaint alleged 101 claims for relief against 26 defendants. Numerous parties were dismissed at various times throughout the underlying proceedings. The jury found in favor of certain defendants on 11 claims for relief; the trial court granted directed verdict for 11 additional claims for relief in favor of certain defendants. The remaining claims for relief appear to have not been pursued at trial and no objection was made to their exclusion during trial, nor on appeal. After trial, Ms. Lloyd's counsel, Attorney Hull, was permitted to withdraw his representation. Ms. Lloyd filed the instant appeal, pro se, alleging thirteen assignments of error.

{¶4}    Additionally, shortly after trial, several defendant-appellees filed motions for sanctions against Ms. Lloyd and Attorney Hull. The motion for sanctions against Attorney Hull was dropped but the motion for sanctions against Ms. Lloyd were ultimately granted. Ms. Lloyd appealed this decision in appellate case no. 2019-P-0108, also now before this court.

{¶5} For ease of disposition and clarity, we address certain assignments of error out of order. Preliminarily, we note that Ms. Lloyd argues for the applicability of the Federal Rules of Civil Procedure (FRCP) throughout her appeal. However, as Ms. Lloyd filed her complaint in state court, the Ohio Rules of Civil Procedure are applicable, not the FRCP. Fed.R.Civ.P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States *district* courts * * *." (Emphasis added.) However, as the Ohio Rules of Civil Procedure are often closely analogous to the FRCP, and in the interest of justice, alleged violations of the FRCP will be construed as if alleged to be violations of their Ohio counterparts.

{¶6} Except as noted, each of Ms. Lloyd's assignments of error are reviewed for an abuse of discretion. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *State v. Figueroa*, 11th Dist. Ashtabula No. 2016-A-0034, 2018-Ohio-1453, ¶26, citing *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.).

{¶7} Ms. Lloyd's first assignment of error states:

{¶8} The trial court committed an abuse of discretion and reversible error occurred by assigning Thomas Pokorny to case 2016CV00230 against Guidelines for Assignment of Judges for Supreme Court of Ohio Rules 2.2B, 2.3, 2.3A, 2.3B, 2.3C, 5.1A, 5.3A, Rules of Superintendence Rule[ ]36.019 and 28USC453 and section 5 of article VI of the US Constitution. [sic]

4

{¶9} Ms. Lloyd alleges error in the assignment of Judge Pokorny to hear her case after Judge Doherty recused herself, citing noncompliance with the Supreme Court of Ohio's Guidelines for Assignments of Judges and the Rules of Superintendence.

{¶10} Preliminarily, the Supreme Court of Ohio's Guidelines for Assignments of Judges have not been adopted as rules pursuant to Article IV, Section 5 of the Ohio Constitution and are "not binding on Ohio courts." *Forsyth v. Feinstein*, 2d Dist. Clark No. 99-CA-66, 2000 WL 192298, *3 (Feb.18, 2000); *J.P. v. M.H.*, 9th Dist. Lorain No. CV 18CA011450, 2020-Ohio-13, ¶12. "Although it may be the best practice to adhere to these guidelines, a failure to do so is not reversible error." *Id.* Likewise, this court has held that the Rules of Superintendence, "'are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of concern to the judges of the several courts but create no rights in individual defendants.'" *Habo v. Khattab*, 11th Dist. Portage No. 2012-P-0117, 2013-Ohio-5809, ¶84, quoting *State v. Gettys*, 49 Ohio App.2d 241, 243, (3d Dist.1976).

{¶11} More importantly, Ms. Lloyd filed four affidavits of disqualification against Judge Pokorny with the Supreme Court of Ohio. The Supreme Court denied each affidavit, finding Judge Pokorny to be qualified, and ultimately warning Ms. Lloyd that continued filings of affidavits for disqualification may result in sanctions against her. Critically, this court lacks the jurisdiction to review the appointment of a visiting judge so appointed by the Supreme Court of Ohio. *See Nolan v. Nolan*, 11 Ohio St.3d 1 (1984), syllabus ("Absent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.").

5

{¶12} Further, Ms. Lloyd blanketly asserts that Judge Pokorny has not taken an oath of office, violating 28 U.S.C. 453. This statute, however, applies to "judges of the United States," that is, federal judges. Even if we were to apply R.C. 3.23, which provides the oath of office required for Ohio judges, except for justices of the supreme court, nothing in the record demonstrates Judge Pokorny has not taken an oath of office.

{¶13} Finally, as to Ms. Lloyd's argument that the certificate of assignment was not promptly entered into the docket, we note that this court has previously held that "even though it may be better practice for courts to put a copy of the certificate of assignment in each file handled by the visiting judge, failure to do so does not constitute reversible error." *State v. Corradetti*, 11th Dist. Lake No. 2001-L-092, 2002-Ohio-6577, ¶12. Here, the certificate of assignment was entered into the docket; the court's failure to do so more promptly, while not best practice, likewise does not result in reversible error.

{¶14} Ms. Lloyd's first assignment of error is without merit.

{¶15} Ms. Lloyd's second assignment of error states:

{¶16} The trial court committed reversible error and abuse of discretion by allowing Hull to withdraw as Lloyd[']s attorney in violation of local rule 20.04. [sic]

{¶17} Ms. Lloyd argues that her counsel failed to abide by Portage County Court of Common Pleas Local Rule 20.04 and thus her counsel should not have been permitted to withdraw.

{¶18} Loc.R. 20.04, as effective during these proceedings[1], stated:

{¶19} Application for leave to withdraw as trial attorney in a civil case shall be made by written motion filed with the Clerk, with copies served upon all other trial attorneys in the case in accordance with these

---

1. The effective date of the Portage County Local Rules in effect at the time of these proceedings was June 21, 1993; they have since been updated effective February 1, 2020, eliminating, inter alia, the certified mailing requirement and opportunity for hearing.

rules and Civil Rule 5. The motion may be heard within ten (10) days of filing by the Judge. Written notice of such application shall be given to the client of the trial attorney seeking to withdraw, by certified mail, return receipt requested, stating the time when and before which Judge such application will be made. If such application is granted and the client does not appear at the hearing, the trial attorney, if permitted to withdraw, shall notify the client by certified mail, return receipt requested, to secure a new trial attorney within such time as may be designated by the Court. A copy of such notice, together with the order authorizing withdrawal and the certified mail shall be filed in the case with a copy provided to the assignment commissioner.

{¶20} First, these Local Rules do not require a hearing; instead, "the motion *may* be heard…." (Emphasis added.) *Id.* Second, violations of Local Rules do not generally constitute grounds for reversal. *See Cart v. Fed. Natl. Mtge. Assoc.,* 11th Dist. Ashtabula No. 2011-A-0059, 2012-Ohio-2241, ¶49; *Yoel v. Yoel*, 11th Dist. Lake No. 2009-L-063, 2012-Ohio-643, ¶40; *Allen v. Allen*, 11th Dist. Trumbull No. 2009-T-0070, 2010-Ohio-475, ¶29-33. This conclusion is made all the more reasonable under these circumstances because Ms. Lloyd admits that her attorney notified her of his intent to withdraw, albeit via email. The purpose of Loc.R. 20.04, notice to the party, was clearly met as Ms. Lloyd herself notes that she received the email.

{¶21} Furthermore, Attorney Hull represented Ms. Lloyd throughout most of these proceedings and through the end of the trial. He was granted leave to withdraw on July 16, 2019, after the Court granted a directed verdict to Nick Balas, Phillip Siwierka, Timothy Welms, Eric Siwierka, and Joshua Thornsbery, and after the jury returned a verdict in favor of the remaining defendants, though before the court journalized the verdict. After the court journalized the jury's verdict, Ms. Lloyd filed several post-judgment motions and her appeal pro se. She does not argue any way in which she was disadvantaged by his withdrawal. In fact, we note that throughout the proceedings, Ms. Lloyd frequently filed motions with the court pro se, despite being represented by counsel.

7

{¶22} Finally, insofar as Ms. Lloyd argues her Constitutional right to counsel was violated, we note that the Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution, to which she alludes, refers to the right of a *criminal* defendant to be represented. Sixth Amendment to the United States Constitution ("in all *criminal* prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense") (emphasis added); Section 10, Article I, Ohio Constitution ("*the party accused* shall be allowed to appear and defend in person and with counsel") (emphasis added). However, Ms. Lloyd brought a civil suit; in this case, she is a civil plaintiff, not a criminal defendant. There is generally no right to have counsel appointed in civil cases, with exceptions usually involving either involuntary psychiatric commitment or parental custody, when the party is indigent. *See Belknap v. Moss*, 11th Dist. Portage No. 2002-P-0128, 2005-Ohio-1255, ¶15; *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 126 (1997) (Cook, J., concurring in judgment only) ("Unlike a criminal defendant, a civil litigant has no constitutional right to the effective assistance of counsel."). Ms. Lloyd hired several attorneys during the course of her civil suit; she does not argue she is indigent nor explain why after Attorney Hull's withdrawal she could not hire new counsel. In this case, Ms. Lloyd did not have a constitutional right to have counsel appointed to her.

{¶23} Accordingly, Ms. Lloyd's second assignment of error is without merit.

{¶24} Ms. Lloyd's thirteenth assignment of error states:

{¶25} Trial court committed reversible error and abuse of discretion by refusing to disqualify Jason Whitacre, Scott Flynn and Flynn Keith and Flynn (T.d.302, Paragraph 1) [sic]

{¶26} Under this assignment of error, Ms. Lloyd asserts that Attorney Jason Whitacre, counsel for Mr. Thornsbery and several other defendants, had a conflict of interest that disqualified him from representing his clients in this case. She does not

8

allege that she was in an attorney-client relationship with Mr. Whitacre or his firm, Flynn Keith & Flynn, but argues that an unsolicited message she sent to Attorney Flynn advised them of the "past legal issues" of Attorney Hanna, counsel for other parties hereto, created a conflict of interest.

{¶27} Under Prof.Cond.R. 1.7, a lawyer may be required to stop representing a client if there is a substantial risk that the lawyer's ability to "consider, recommend, or carry out an appropriate court of action for that client will be materially limited by the lawyer's * * * own personal interests." *See also, Lytle v. Matthew,* 8th Dist. Cuyahoga No. 104622, 2017-Ohio1447, ¶23. "Typically, courts do not disqualify an attorney on the grounds of conflict of interest unless there is (or was) an attorney-client relationship between the party seeking disqualification and the attorney the party seeks to disqualify." *Morgan v. N. Coast Cable Co.,* 63 Ohio St.3d 156, 159 (1992).

{¶28} Ms. Lloyd, on her own initiative, searched the public records to find another case involving Attorney Hanna. In that case, Attorney Hanna was being evicted; she was not a party to that case. Ms. Lloyd sent an email to Attorney Flynn, the attorney of record for the evicting plaintiff. In her email, Ms. Lloyd disparaged Attorney Hanna and offered negative testimony about his character, which incidentally was unnecessary and irrelevant to the matter of eviction. Attorney Flynn replied, politely thanking her for the email and indicating that he would review the public records available in this case. He later provided an affidavit attesting he did not review the public record she referenced.

{¶29} Attorney Whitacre, though at the same firm as Attorney Flynn, attested that he did not read Ms. Lloyd's email to Attorney Flynn. Moreover, Ms. Lloyd attached an unredacted copy of her email to Attorney Flynn to her motion, which made it a matter of

9

public record, negating any argument that she intended anything in that email to remain confidential.

{¶30} Ms. Lloyd did not seek representation from Attorney Flynn in any matter, she did not meet with any attorney from that office, and Attorney Flynn did not offer her legal advice. Her unsolicited email disparaging third parties does not create an attorney-client relationship. Thus, the trial court did not err in finding no conflict existed and denying her motion for disqualification.

{¶31} Accordingly, Ms. Lloyd's thirteenth assignment of error is without merit.

{¶32} Her tenth assignment of error states:

{¶33} Trial court committed reversible error and an abuse of discretion by not releasing audio of Lloyd[']s trial after Pokorny ordered it to be released and Lloyd is entitled to audio violating *Rule 11 of Superintendence, Slagle V Rogers and the Sunshine Laws(T.d. 434)* [sic]

{¶34} On August 20, 2019, Ms. Lloyd filed a motion to release audiotape of the June 17 to 21, 2019 trial; three days later she filed a second request. In each request, she accuses the Portage County Court of Common Pleas and Judge Doherty's court reporter of altering a previous transcript. On August 30, 2019, the court granted the release of the audio. On October 31, 2019 several defendants filed a motion to vacate the court's order granting release of the audio transcript, on the grounds that the transcript likely contains audio for all parties that is protected by attorney-client privilege and the attorney work-product doctrine, unless the audio transcript can be scrubbed of all privileged discussions. On November 8, 2019 the court vacated its earlier order, finding that the recording was "continuous and not limited to 'on the record' matters."

{¶35} On appeal, Ms. Lloyd argues (1) the court erred by denying that request citing R.C. 149.43; (2) that the transcript is being provided at a cost in excess of that

10

permitted by *Slagle v. Rogers,* and; (3) that pursuant to R.C. 149.43(C)(1), she is entitled to $1,000 in damages for the delay in access to these public records. However, the appropriate vehicle to allege a violation of R.C. 149.43 is set forth in Section (C)(1):

{¶36} If a person allegedly is aggrieved by the failure of a public office or the person responsible for public records to promptly prepare a public record and to make it available to the person for inspection in accordance with division (B) of this section or by any other failure of a public office or the person responsible for public records to comply with an obligation in accordance with division (B) of this section, the person allegedly aggrieved may do only one of the following, and not both:

{¶37} (a) File a complaint with the clerk of the court of claims or the clerk of the court of common pleas under section 2743.75 of the Revised Code;

{¶38} (b) Commence a mandamus action to obtain a judgment that orders the public office or the person responsible for the public record to comply with division (B) of this section * * *.

{¶39} Thus, insofar as Ms. Lloyd asserts a violation of R.C. 149.43, this appeal is not the appropriate vehicle by which to bring her grievance. *See also State ex rel. Slagle v. Rogers,* 103 Ohio St.3d 89, 2004-Ohio-4354, (reviewing the appellate court's grant of a writ of mandamus for an alleged violation of R.C. 149.43.) Furthermore, as stated under Ms. Lloyd's first assignment of error, the Rules of Superintendence do not create individual rights.

{¶40} Accordingly, Ms. Lloyd's tenth assignment of error is without merit.

{¶41} Her third assignment of error states:

{¶42} The trial court committed reversible error and an abuse of discretion by denying Lloyd default judgment in violation of FRCP 55a and Local Rules 11.04 and 9.01 (T.d. 302, Paragraph 2))(T.D. 344) [sic]

{¶43} FRCP 55a states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

11

affidavit or otherwise, the clerk must enter the party's default." As previously noted, the Ohio Rules of Civil Procedure, not the Federal Rules of Civil Procedure, apply in this case. Civ.R. 55 states in pertinent part:

{¶44} (A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. * * *.

{¶45} (B) Setting aside default judgment. If a judgment by default has been entered, the court may set it aside in accordance with Rule 60(B).

{¶46} (C) Plaintiffs, counterclaimants, cross-claimants. The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(C).

{¶47} Preliminarily, we note that contrary to Ms. Lloyd's argument, Loc.R. 9.01 and 11.04 are inapplicable to this assignment of error, and as discussed under her second assignment of error, violations of Local Rules do not generally constitute grounds for reversal.

{¶48} Further, Ms. Lloyd argues she was entitled to default judgment against all defendants except Trussel and Schaffer because, she argues, the other defendants failed to timely answer the complaint. Though Ms. Lloyd's fourth amended complaint contained 101 claims for relief against 26 defendants, most of the claims for relief and several defendants were dismissed or granted directed verdict. Ultimately, the court provided the jury instructions on twelve claims for relief against five defendants, to wit:

{¶49} Eric Siwierka – Claim of Nuisance

{¶50} Phillip Siwierka – Claim of Nuisance

12

{¶51} Joshua Thornsbery – Claims of Nuisance, Trespass-Destruction of Timber, Defamation, Invasion of Privacy, and Intentional Infliction of Emotional Distress.

{¶52} Michael Szabo – Claims of Defamation, Invasion of Privacy, and Intention Infliction of Emotional Distress

{¶53} Timothy Welms – Claims of Nuisance and Intentional Infliction of Emotional Distress

{¶54} We limit our review under this assignment of error to the consideration of only these defendants, as the dismissal or directed verdict for the remaining defendants renders her argument under this assignment of error moot as to those defendants.

{¶55} "'The granting of a default judgment * * * is a harsh remedy which should only be imposed when "the actions of the defaulting party create a presumption of willfulness or bad faith."'" *Sericola v. Johnson*, 11th Dist. Trumbull No. 2015-T-0091, 2016-Ohio-1164, ¶18, quoting *Domadia v. Briggs*, 11th Dist. Geauga No. 2008-G-2847, 2009-Ohio-6510, ¶19. "[I]t is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 192 (1982).

{¶56} "It is well-settled that a trial court may permit the filing of an untimely answer where the record contains sufficient evidence of excusable neglect." *State of Ohio Dept. of Dev. v. Matrix Centennial, L.L.C.,* 10th Dist. Franklin No. 14AP-47, 2014-Ohio-3251, ¶26, citing *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 72 Ohio St.3d 464, 466 (1995). "'The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.'" *Sericola, supra,* at ¶19, quoting *Lindenschmidt, supra.*

13

{¶57}  Ms. Lloyd filed her first complaint against Joshua Thornsbery March 16, 2016.  He answered and filed a counterclaim on April 18, 2016.  She added Eric Siwierka, Phillip Siwierka, Michael Szabo, and Timothy Welms in an amended complaint on March 3, 2017.  The record reflects that Eric Siwierka was not successfully served immediately.  Michael Szabo filed a pro se motion to dismiss on March 15, 2017.  That motion was denied.  Though he did not file an answer within 14 days, he retained Attorney Hanna to represent him.  Attorney Hanna did not file a notice of appearance but began filing on behalf of Michael Szabo in June 2017.  Attorney Hanna became hospitalized and incapacitated sometime before the filing of the motion for default judgment.

{¶58}  Ms. Lloyd's first motion for default judgment filed through her counsel was on June 3, 2019.  It was denied the next day.  Shortly thereafter, Eric Siwierka, Phillip Siwierka, and Timothy Welms hired Attorney Whitacre, who was already representing Joshua Thornsbery, to also represent them.  Michael Szabo obtained representation from Attorney Molnar, replacing Attorney Hanna.  Attorney Molnar filed an answer to the fourth amended complaint on behalf of Michael Szabo the same day she filed her notice of appearance: June 13, 2019.  Attorney Whitacre filed an answer on behalf of his clients on June 17, 2019.  This was not his first filing; he had filed several motions and briefs since he filed his notice of appearance in April 2019.  Thus, the record reflects that though late, the relevant defendants did file an answer to Ms. Lloyd's fourth amended complaint.

{¶59} We now consider whether the record contains sufficient evidence of excusable neglect.  By the time the notice of default had been filed in June 2019, the case had been pending for three years and had gone through at least two failed mediations.  There had been several imperfect services against several defendants.  The first three

14

iterations of the complaint were so vague that three motions for a more definite statement were granted. The initial judge voluntarily recused herself and the Supreme Court of Ohio appointed a visiting, retired judge to preside over the case. The final, fourth amended complaint was nearly 500 pages, plus nearly 300 pages of exhibits, and contained 101 claims for relief against 26 defendants. Considering that judgment on the merits is highly preferable to the harsh granting of default judgment, and considering the lengthy, voluminous, and convoluted procedural history, we find there was sufficient evidence in the record to show excusable neglect in this case.

{¶60} Moreover, Ms. Lloyd, through counsel, filed her first motion for default judgment nearly a year after she filed her fourth amended complaint. She never moved to strike any of the defendants' filings for untimeliness or because they were in default. She instead continued to reply to the filings. By her responses, Ms. Lloyd may be deemed to have recognized and accepted the untimely filings.

{¶61} In light of the foregoing, we find the trial court did not err in denying Ms. Lloyd's motions for default judgment. Accordingly, Ms. Lloyd's third assignment of error is without merit.

{¶62} Ms. Lloyd's fourth assignment of error states:

{¶63} The trial court committed reversible error and an abuse of discretion by violating Rules of Superintendence 5D, 40 A3,[ ]30B.

{¶64} Under her fourth assignment of error, Ms. Lloyd states the issue for review as: "Did the trial court commit reversible error and abuse of discretion by violating the Rules of Superintendence?" As we have stated above, the rules of superintendence do not create individual rights as they are not the equivalent of rules of procedure and have no force equivalent to a statute. They are purely internal housekeeping rules which are of

15

concern to the judges of the several courts.  Thus, we answer her issue for review in the negative.

{¶65}  Ms. Lloyd also argues the judge was required to consider the feasibility of recording testimony as permitted by FRCP 30(B).  As stated before, the Ohio Rules of Civil Procedure govern this case, not the FRCP.  Moreover, even if the FRCP were applicable, FRCP 30 pertains to "depositions by oral examination."  She does not, however, allege error in regard to depositions.

{¶66}  Accordingly, Ms. Lloyd's fourth assignment of error is without merit.

{¶67}  Ms. Lloyd's seventh assignment of error states:

{¶68}  The trial court committed reversible error and an abuse of discretion by denying Lloyd discovery (T.d. 269 Paragraph 4)(T.d. 302, Paragraph 4) [sic]

{¶69}  Under this assignment of error, Ms. Lloyd asserts that she is entitled to Mr. Thornsbery's social media usernames and passwords, citing *Forinash v. Weber*, 6th Dist. Sandusky No. S-16-019, 2017-Ohio-1076.  However, her reliance on *Forinash* is misplaced.  The Sixth District Court of Appeals in *Forinash* did not discuss the accessibility of Facebook passwords and usernames to parties to a defamation suit.  Instead, *Forinash* reversed a trial judge's award of nominal damages, which was based on the assumption that a Facebook post would primarily be seen in the county in which it was posted, finding that assumption erroneous.  The court remanded for the reexamination of damages.  It also affirmed the decision of the lower court finding there was no spoliation of evidence when defendant deleted the relevant post upon receiving the complaint when the plaintiff failed to file a protection order and the remedy sought was the removal of the Facebook post.  Those facts are inapplicable to the case at hand.  Therefore, Ms. Lloyd has provided no law in support of her argument that she is entitled

16

to the username and password of Mr. Thornsbery's Facebook page. "'It is the duty of the appellant, not the appellate court, to construct the legal arguments necessary to support the appellant's assignments of error.'" *Deutsche Bank Natl. Tr. Co. v. Sopp,* 10th Dist. Franklin No. 14AP-343, 2016-Ohio-1402, ¶6, quoting *Bond v. Village of Canal Winchester*, 10th Dist. Franklin No. 07AP-556, 2008-Ohio-945, ¶16.

{¶70} Moreover, Ms. Lloyd attached almost 300 pages of exhibits, most of which were pictures of the defendants' Facebook posts. She alleges that the parties have since made their pages private, but her complaint was based on posts made by defendants prior to the complaint. At the time of the complaint, their pages were not private, and Ms. Lloyd took pictures of the relevant posts and attached them as exhibits. As such, we fail to see how Ms. Lloyd was prejudiced by the trial court's denial of access to the defendants Facebook usernames and passwords.

{¶71} Additionally, Ms. Lloyd argues that she "was never given the opportunity to conduct discovery on the majority of the Defendants as [Judge] Doherty was supposed to amend the case management plan at status conference in July 2017 but that hearing never took place." She argues that she was denied a constitutional right to discovery. However, "the denial of additional time to conduct discovery does not rise to the level of a due process violation because '[t]here is no general constitutional right to discovery.'" *Ditech Financial, LLC v. Glob. Capital Partners*, 10th Dist. Franklin No. 17AP-470, 2018-Ohio-1998, ¶11, quoting *Midland Steel Prods. Co., v. Internatl. Union, United Auto., Aerospace and Agricultural Implement Workers, Local 486,* 61 Ohio St.3d 121, 131 (1991).

{¶72} Moreover, her argument that she was never given the opportunity to conduct discovery is not supported by the record. When Ms. Lloyd sought leave to file an amended complaint in February 2017, the discovery deadline was extended an additional two weeks to March 31, 2017. She filed her amended complaint on March 3, 2017 and filed an additional request to extend discovery just before the deadline. A hearing was held on March 31, 2017, the day of the discovery deadline, but the order issued following that hearing did not address the discovery deadline. There is nothing in the record which shows that Ms. Lloyd or her attorney requested that the discovery extension be addressed in that hearing. Regardless, Ms. Lloyd did, in fact, continue to conduct discovery, for example, by serving Requests for Admissions on May 5, 2017. Moreover, neither she nor her attorney pursued a follow up on the request for a new case management plan or the extension for over two years.

{¶73} In June 2019, Ms. Lloyd filed a motion for writ of mandamus in this court seeking, inter alia, a writ ordering the trial court to rule on her motion to extend discovery. Before she voluntarily withdrew that motion, this court denied her "Emergency Motion for Stay" in a June 14, 2019 judgment entry. In that entry, we noted that "[a]lthough [Lloyd] maintains that she could not conduct discovery over this two-plus-year period due to the March 31, 2017 deadline, she concedes her motion to extend was unopposed *and* the docket demonstrates she filed numerous requests for admissions in May and June 2017. It is unclear, irrespective of the March 2017 deadline, why [Lloyd] did not attempt to seek further discovery throughout the next two-year period, especially when previous attempts were unopposed." We further noted that the procedural history in the record "certainly suggest[s]" Lloyd was prepared to proceed with trial. We see no reason to now deviate

18

from that prior finding. In light of the foregoing, we find the trial court did not abuse its discretion in denying her motion to extend discovery.

{¶74} Finally, Ms. Lloyd also states that "Rule26(a)(2) prevents an attorney from taking undue advantage of an adversary." We need not decipher which rule she is citing as she does not assert in any way that any attorney took undue advantage of any adversary.

{¶75} Accordingly, Ms. Lloyd's seventh assignment of error is without merit.

{¶76} Her fifth assignment of error states:

{¶77} The trial court committed reversible error and an abuse of discretion
by granting directed verdict?[ ](T.d. 332)(T.d. 343) [sic]

{¶78} Ms. Lloyd argues that the trial court erred by granting directed verdicts against several defendants after her counsel failed to mention them by name in his opening arguments. She also faults the court for giving her counsel 20 minutes for opening statements. A trial court's decision on a motion for directed verdict presents a question of law, which an appellate court reviews de novo. *Groob v. Keybank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶14.

{¶79} Initially, we note that Ms. Lloyd's counsel was given the opportunity of requesting additional opening statement time and declined:

{¶80} THE COURT: Okay. 20 minutes? More, you need more?

{¶81} MR. HULL: No.

{¶82} THE COURT: 20 minute limit? I mean, I ordinarily don't do that, but
we have so many parties here, I'm trying to keep the trial within a
reasonable time for us to conclude, so, okay. Good.

19

{¶83} The limit was applied equally to all parties and Ms. Lloyd's counsel declined additional time. Therefore, we find no error with the trial court's limiting the opening statements.

{¶84} Ohio Civ. R. 50(A)(4), not the Federal Rules of Civil Procedure as stated earlier, governs direct verdicts in this case and states:

> {¶85} When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue.

{¶86} "[A] trial court may grant a motion for directed verdict made at the close of a party's opening statement only when that statement indicates that the party will be unable to sustain its cause of action or defense at trial." *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶10. We are cognizant that "'[a] trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel; it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a claim for relief or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made.'" *Id.* at ¶25, quoting *Brinkmoeller v. Wilson,* 41 Ohio St.2d 223 (1975). Directed verdict may only be granted following opening statements when the statements indicate that the party will be unable to sustain its claim for relief or defense at trial. *Id.*

{¶87} "The trial court does not commit error in granting a defendant's motion for directed verdict, made at the close of plaintiff's opening statement, 'if, engaging in every reasonable inference from facts favorable to the party against whom the motion is directed, the proposed proof would not sustain a claim upon which relief could be

20

granted.'" *U.S. Aviation Underwriters, Inc. v. B.F. Goodrich Co.,* 149 Ohio App.3d 569, 2002-Ohio-5429, ¶13 (9th Dist.), quoting *Phillips v. Borg–Warner Corp.*, 32 Ohio St.2d 266, 268 (1972). In short, "to sustain the motion, 'it must be clear that all the facts expected to be proved, and those that have been stated, do not constitute a claim for relief or a defense, and the statement must be liberally construed in favor of the party against whom the motion has been made.'" *Lippy v. Soc. Natl. Bank*, 100 Ohio App.3d 37, 41 (11th Dist.1995), quoting *Brinkmoeller, supra,* at syllabus.

{¶88} Therefore, the issue to be determined is whether Ms. Lloyd's opening statement failed to state a claim against seventeen defendants. After careful review of the record and construing the facts in the light most favorable to Ms. Lloyd, we conclude her opening statement failed to state the necessary claims, as she altogether failed to mention any element of any claim against seventeen defendants.

{¶89} Several Ohio courts have upheld directed verdicts after opening statements when the nonmoving party failed to mention a critical element of a claim for relief. *See, e.g., Hicks v. Garrett*, 5th Dist. Stark No. 2011CA00109, 2012-Ohio-3560, ¶68 (granted directed verdict was not error in a negligent hiring/supervising case when appellant failed to argue in opening arguments that appellee's actions were anything other than independent self-serving acts which in no way facilitated or promoted the business of the other appellees.); *Escort Transport, Inc. v. United Trans., Inc.*, 10th Dist. Franklin No. 80AP-574, 1980 WL 353879, *2.

{¶90} Moreover, Ms. Lloyd's reliance on her complaint is misplaced. "Although the trial court is not *required* to consider the pleadings when ruling on a Civ.R. 50(A)(1)

21

motion, in liberally construing the motion in favor of the opposing party, it *may* do so."

(Emphasis original.) *Parrish, supra.*

{¶91} Accordingly, Ms. Lloyd's fifth assignment of error is without merit.

{¶92} Her sixth assignment of error states:

{¶93} Trial court committed reversible error and abuse of discretion by denying Lloyd a new trial,[ ]mistrial and her Motion for Judgment Notwithstanding the verdict in violation of FRCP 50, 59 and local rule 8.03 (T.d. 341)(T.d. 365, Paragraph 1) [sic]

{¶94} Under her sixth assignment of error, Ms. Lloyd's only argument is that the trial court erred by failing to hold a hearing before denying her a motion for a new trial, mistrial, and motion for judgment notwithstanding the verdict.

{¶95} As stated above, the Federal Rules of Civil Procedure are not applicable here. The equivalent Ohio Rules of Civil Procedure relevant here are Civ.R. 50 and Civ.R. 59. However, neither rule requires the court to hold a hearing before ruling on these motions. Moreover, as we discussed under her second assignment of error, violations of Local Rules do not generally constitute grounds for reversal.

{¶96} Accordingly, Ms. Lloyd's sixth assignment of error is without merit.

{¶97} Her eighth assignment of error states:

{¶98} The trial court committed reversible error and an abuse of discretion by violating FRCP Rules for admissibility of evidence and Local Rule 7.06[.]

{¶99} Ms. Lloyd argues that the trial court erred by not allowing the depositions or testimony of her doctors, nor body camera footage, to be admitted. She argues the court violated Loc.R. 7.06, which stated at the time of trial in pertinent part:

{¶100} * * * An objection to a video tape deposition shall be submitted to the Court in writing at least three (3) days before trial. On separate paper, counsel shall cite his/her authority for the objection.

22

{¶101} Ms. Lloyd attempted to enter into evidence a deposition of Dr. Banzoic taken in a separate Portage County Common Pleas Court case, 2017CV00390. She argues it should be admitted because in that case Mr. Thornsbery was a defendant represented by Attorney Hanna, and in this case, Mr. Thornsbery is a defendant and Attorney Hanna is an attorney of record in this case. Mr. Thornsbery argues Dr. Banzoic's testimony is hearsay and was properly excluded.

{¶102} Hearsay "is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801. Hearsay is not admissible unless it falls under an exception listed in Evid.R. 803 or 804.

{¶103} Ms. Lloyd does not argue this testimony falls under any hearsay exception, nor that Dr. Banzoic was unavailable to testify. To the contrary, Ms. Lloyd requested a continuance to call Dr. Banzoic as a witness. We find the testimony of Dr. Banzoic from a prior case does not fall under any hearsay exception. Accordingly, the court did not err by refusing to admit it.

{¶104} Ms. Lloyd also attempted to enter into evidence body camera footage. The court ordered that copies of all exhibits, including videos, be provided to opposing counsel. Attorney Hull sent an email to defense counsel entitled "body cam footage" but there was no video attached. When he attempted to enter the video into evidence at trial, opposing counsel objected on the basis that they had not seen the footage before. Ms. Lloyd's counsel argued that it was public record they could have accessed and that the defendants should know what was on that video because they were the ones being recorded.

23

{¶105} However, it is immaterial that the footage was public record or that the defendants were on the video. It was Ms. Lloyd's exhibit and she failed to follow the court's instructions to provide that evidence to opposing counsel. Opposing counsel properly objected to its introduction without the opportunity to view it first. The trial court did not err in sustaining the objection.

{¶106} Accordingly, Ms. Lloyd's eighth assignment of error is without merit.

{¶107} Her ninth assignment of error states:

{¶108} The trial court committed reversible error and an abuse of discretion by allowing Whitacre to violate his own orders in regards to Lloyd[']s Motion in Limine under ongoing and heavy objection by Hull[.]

{¶109} Ms. Lloyd filed a motion in limine requesting the defendants be precluded from calling any witnesses, "referencing in any capacity any person, or any knowledge, facts, transactions, occurrences or other happened of any person, other than any party identified on plaintiff's Witness List," and "from using, introducing at [trial] or referencing in any capacity, any document other than those on Plaintiff's Exhibit List." Several defendants objected. The court ruled on the motion on the first day of trial, after asking each defense counsel if they intended to call any witness that are not parties. Each answered in the negative and the court stated: "Then relative to that issue, the motion in limine is granted to the extent that the Defendants may not call witnesses who are not parties."

{¶110} A motion in limine is "'tentative and precautionary in nature, reflecting the court's anticipatory treatment of an evidentiary issue at trial.'" *Brannon v. Austinburg Rehab. & Nursing Ctr.*, 190 Ohio App.3d 662, 2010-Ohio-5396, ¶18 (11th Dist.), quoting *Biro v. Biro*, 11th Dist. Lake Nos. 2006-L-068 and 2006-L-236, 2007-Ohio-3191, ¶18. "A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary

24

issue at trial and is a tentative, interlocutory, precautionary ruling." *Orbit Elecs., Inc. v. Helm Instrument Co.*, 167 Ohio App.3d 301, 2006-Ohio-2317, ¶17 (8th Dist.). "'The sustaining of a motion in limine does not determine the admissibility of the evidence to which it is directed. Rather it is only a preliminary interlocutory order precluding questions being asked in a certain area until the court can determine from the total circumstances of the case whether the evidence would be admissible.'" *Id.* at ¶18, quoting *State v. Maurer*, 15 Ohio St.3d 239, 259-260, (1984), fn. 14, quoting Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446.

{¶111} During trial, Attorney Hull objected on the basis of the motion in limine several times, most of which were overruled. Attorney Hull and Ms. Lloyd seemed to operate under the assumption that the motion in limine was granted exactly as Ms. Lloyd requested. However, the record is clear that the motion was granted only to the extent that Defendants could not call witness who were not parties. No defendant did so.

{¶112} Accordingly, Ms. Lloyd's ninth assignment of error is without merit.

{¶113} Her eleventh assignment of error states:

{¶114} The trial court committed reversible error and an abuse of discretion by not properly instructing the jury on Destruction of Timber and Willful and Wanton claims.

{¶115} Under this assignment of error, Ms. Lloyd argues that the court should have included a jury instruction on destruction of timber, in violation of R.C. 901.51, and "willful and wanton conduct."

{¶116} "An appellate court will reverse a trial court's refusal to give a party's requested jury instructions only if the trial court abused its discretion, and if so, only if that refusal was prejudicial to the complaining party." *Frost v. Snitzer*, 11th Dist. Trumbull No. 2005-T-0090, 2006-Ohio-3882, ¶95, citing *Ballard v. Wal-Mart Stores, Inc.*, 12th Dist.

25

Warren No. CA98-05-014, 1999 WL 8353 (Jan. 11, 1999). "'Prejudice' will be found only when the alleged error 'cripples the entire jury charge.'" *Frost, supra,* quoting *Jaworowski v. Med. Radiation Consultants*, 71 Ohio App.3d 320, 327-328 (2d Dist.1991). "As a whole, the jury charge must be 'so misleading and prejudicial to induce the erroneous verdict.'" *Frost, supra,* quoting *Cleveland Elec. Illuminating Co. v. Astorhurst Land Co.*, 18 Ohio St.3d 268, 272 (1985). "'If, "taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled."'" *Withers v. Mercy Hosp. of Fairfield*, 12th Dist. Butler No. CA2010-02-033, 2010-Ohio-6431, ¶17, quoting *Silver v. Jewish Home of Cincinnati,* 12th Dist. Warren No. CA2010-02-015, 2010-Ohio-5314, ¶81, quoting *Wozniak v. Wozniak,* 90 Ohio App.3d 400, 410 (9th Dist.1993). *See also Frost, supra.*

{¶117} Preliminarily, we note that Ms. Lloyd does not make any argument that she was prejudiced by the jury instructions. For this reason alone, Ms. Lloyd's arguments under this assignment of error fails.

{¶118} Moreover, at trial, Ms. Lloyd's attorney did not submit proposed jury instructions, though he made several verbal suggestions, which were ultimately rejected. He objected to the instructions on two points: that the court failed to provide a separate instruction on destruction of timber and on "willful and wanton conduct."

{¶119} First, we note that Ms. Lloyd's fourth amended complaint itself does not list "willful and wanton misconduct" as its own separate claim for relief; instead she alleges "negligence with willful and wanton misconduct." Regardless, even if the trial court erred in failing to give a separate instruction on willful and wanton misconduct, Ms. Lloyd would

not be able to show prejudice as the trial court instructed the jury to consider whether any of the defendants' actions were wanton or willfully done, and the jury found in the defendants' favor, not finding willful or wanton misconduct.

{¶120} As to the destruction of timber claim, the court did include instructions on the destruction of timber in the instructions regarding trespass to the jury. The jury found that no defendant had trespassed to destroy timber or otherwise. Thus, Ms. Lloyd would not be able to show prejudice even if we were to find the trial court erred in not including a destruction of timber instruction to the jury.

{¶121} Additionally, Ms. Lloyd alleges Judge Pokorny and at least one juror fell asleep during trial. She does not, however, cite any instance in the record where Ms. Lloyd or her attorney noted on the record that the judge or a juror fell asleep. It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to an alleged error. *Sopp, supra,* at ¶6. Accordingly, we find no merit to her claims.

{¶122} Ms. Lloyd also faults the court for "having the jury room where they can be heard in the court room." She alleges the jury could be heard laughing from the court room. Even accepting this as true, Ms. Lloyd does not make any argument that she was prejudiced by their laughter. She does not suggest a reason why the jury was laughing; nor is there anything in the record to support her claim. Fatally, she fails to cite any law in support of her argument that the jury room should not be allowed within a certain distance of the court room. As stated under Ms. Lloyd's seventh assignment of error: "It is the duty of the appellant, not the appellate court, to construct the legal arguments

27

necessary to support the appellant's assignments of error." *Sopp, supra,* quoting *Bond v. Canal Winchester,* 10th Dist. Franklin No. 07AP-556, 2008-Ohio-945, ¶16.

{¶123} Accordingly, Ms. Lloyd's eleventh assignment of error is without merit.

{¶124} Her twelfth assignment of error states:

{¶125} The trial court committed reversible error and an abuse of discretion by violating FRCP 56 and having Judgement for the Defendants when they admit to fault and there is no disputed facts in this case and there was testimony to support every one of Lloyds claims. [sic]

{¶126} Under this assignment of error, Ms. Lloyd lists every instance where she believes a defendant admitted fault. She presents her interpretation of the evidence presented at trial and ignores any evidence presented to the contrary. Critically, she cites no law other than a reference to FRCP 56, which pertains to summary judgment and, as previously stated, is not applicable in this case. Even applying Ohio's Civil Rules pertaining to summary judgment, she did not move for summary judgment, and cannot raise the issue for the first time on appeal. *See Stores Realty Co., v. City of Cleveland, Bd. of Bldg. Standards and Bldg. Appeals,* 41 Ohio St.2d 41 (1975); *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 121 (1997).

{¶127} Accordingly, Ms. Lloyd's twelfth assignment of error is without merit.

{¶128} In light of the foregoing, the judgments of the Portage County Court of Common Pleas are affirmed. Defendant-appellee, Amanda Shuherk's, motion for dismissal is denied.

MARY JANE TRAPP, P.J.,

TIMOTHY P. CANNON, J.,

concur.

28