[Cite as *Shutway v. Talebi*, 2023-Ohio-3818.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| JOHN ANTHONY SHUTWAY | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-14 |
| | : | |
| v. | : | Trial Court Case No. 22 CV 0028 |
| | : | |
| KEVIN S. TALEBI, ET AL. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on October 20, 2023

. . . . . . . . . . .

JOHN ANTHONY SHUTWAY, Pro Se Appellant

LINDA L. WOEBER & COOPER D. BOWEN, Attorneys for Appellee Hon. Nicholas A. Selvaggio

ANGELICA M. JARMUSZ, Attorney for Appellees Kevin S. Talebi, Samantha B. Whetherholt, and Magistrate Scott Schockling

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} John Anthony Shutway appeals from two judgments of the Champaign County Court of Common Pleas. The first granted summary judgment to Prosecutor Kevin S. Talebi, Magistrate Scott Schockling, and Assistant Prosecutor Samantha B.

Whetherholt on his civil claims. The second granted Judge Nicholas A. Selvaggio's Civ.R. 12(B)(6) motion to dismiss. For the following reasons, the trial court's judgments will be affirmed.

## I. Facts and Procedural History

{¶ 2} Shutway's dispute with the Champaign County prosecutors and judicial officers stems from his prosecution and conviction in Champaign C.P. No. 2018 CR 77. In that case, a jury found Shutway guilty of one count of failure to comply with an order or signal of a police officer and one count of obstructing official business. We affirmed Shutway's convictions on direct appeal. *State v. Shutway*, 2d Dist. Champaign No. 2018-CA-39, 2020-Ohio-5035. The Ohio Supreme Court declined to review his criminal case.

{¶ 3} Shutway originally brought a civil action against Talebi and Judge Selvaggio and other unnamed individuals in 2020, alleging that the prosecutor, trial judge, and their unnamed assistants had violated his statutory and constitutional rights during his criminal case. *Shutway v. Talebi*, Champaign C.P. No. 2020 CV 90. That action was voluntarily dismissed.

{¶ 4} On March 3, 2022, Shutway re-filed his lawsuit against Talebi and Judge Selvaggio and unnamed defendants. He sought a declaratory judgment that his constitutional rights had been violated and asserted claims that Talebi and Judge Selvaggio had breached their legal duties, that they were vicariously liable for breaches by their assistants, and that they had engaged in a civil conspiracy to deny him of his rights during the criminal case. Approximately three weeks later, Shutway filed an

amended verified complaint adding Whetherholt and Magistrate Schockling as party-defendants. Talebi and Whetherholt and, separately, Magistrate Schockling filed answers, denying the claims and raising numerous affirmative defenses, including res judicata and immunity.

{¶ 5} Effective March 29, 2022, Judge Linton D. Lewis, a retired judge of the Perry County Court of Common Pleas, was assigned to preside over this case and *Shutway v. Melvin*, Champaign C.P. No. 2022 CV 29, another case brought by Shutway. Judge Lewis filed his certificate of assignment on April 11, 2022.

{¶ 6} On April 14, 2022, Judge Selvaggio moved to dismiss Shutway's claims against him pursuant to Civ.R. 12(B)(6). He argued that he had absolute judicial immunity and statutory immunity for all Shutway's claims and that Shutway failed to set forth any viable claims. Judge Selvaggio attached several court documents to his motion, including filings from Shutway's criminal case and a docket sheet from Shutway's previously filed action against him and Talebi.

{¶ 7} A week later, Shutway filed "instructions to the clerk," purporting to order the clerk of courts to obtain Judge Lewis's oath of office to sit as a visiting judge, to strike Judge Lewis's journal entry with his certificate of assignment, and to accept no further filings from Judge Lewis until the oath of office was filed. In its docket, the clerk identified Shutway's filing as a motion. Shutway filed a similar "praecipe to the clerk" in May 2022.

{¶ 8} Shutway responded to Judge Selvaggio's motion to dismiss by seeking leave to amend his complaint; he stated that he construed the motion to dismiss as a motion for a more definite statement. Judge Selvaggio opposed Shutway's motion to amend his

complaint.

{¶ 9} On May 6, 2022, Talebi, Whetherholt, and Magistrate Schockling filed a motion for leave to file a motion for summary judgment. They argued that "[l]egal barriers to Plaintiff's success, such as res judicata, the 'relation-back' doctrine and expired statute of limitations, absolute immunity, and the minimum pleading standard, entitle the County Defendants to judgment as a matter of law." Contemporaneously with this motion, all defendants moved for a stay of discovery until dispositive motions were resolved.

{¶ 10} On June 23, 2022, Shutway filed an "objection" to Judge Lewis's making entries in this case.

{¶ 11} Four days later, the trial court granted the motion for leave to file the summary judgment motion and the motion to stay discovery. Shutway was ordered to file a summary judgment response by July 25, 2022, which he did. The trial court also denied Shutway's motion to amend his complaint and ordered him to respond to the motion to dismiss within 14 days. Shutway filed his response on July 11, 2022, along with another "objection" to Judge Lewis's presiding over the case. On July 19, 2022, the trial court summarily overruled Shutway's objection.

{¶ 12} On August 4, 2022, Shutway filed an affidavit of disqualification with the Ohio Supreme Court, seeking to disqualify Judge Lewis from this case and his separate case against Matthew Melvin. As summarized by the supreme court, Shutway alleged that Judge Lewis had "failed to comply with the Ohio Constitution, the Ohio Revised Code, and this court's guidelines for the assignment of judges – apparently because Judge Lewis has not filed a copy of an oath of office in the underlying cases." Eleven days

later, the Ohio Supreme Court rejected Shutway's request for disqualification and allowed the cases to proceed before Judge Lewis. Despite the Ohio Supreme Court's determination, on October 6, 2022, Shutway again filed an objection to Judge Lewis's making entries in the case and demanded that the judge's prior entries be stricken.

{¶ 13} The following day, the trial court granted Talebi, Whetherholt, and Schockling's motion for summary judgment. It concluded that (1) the claims against Whetherholt and Schockling were filed outside of the statute of the limitations and were, thus, time-barred, (2) Talebi, Whetherholt, and Schockling were entitled to absolute immunity, (3) speedy relief was not necessary to preserve Shutway's rights and thus he was not entitled to declaratory relief, (4) Shutway did not set forth a claim for civil conspiracy, and (5) vicarious liability did not apply because Shutway did not properly allege an underlying tort. The trial court identified its judgment as a final appealable order, although it did not include Civ.R. 54(B) certification.

{¶ 14} On October 13, 2022, the trial judge expressly overruled Shutway's most recent objection to his presiding in the case. The judge attached a copy of his assigned retired judge oath of office, which was certified on September 15, 2022.

{¶ 15} The trial court also granted Judge Selvaggio's motion to dismiss and denied Shutway's motion to amend his complaint. It reasoned that Judge Selvaggio had absolute judicial immunity for his actions while presiding over Shutway's criminal case and that he was entitled to statutory immunity under R.C. 2744.03(A)(1). The court further stated that a declaratory judgment action was not the proper vehicle for challenging a judge's determinations made in his official capacity. The court noted that

Shutway had not provided specifics for his civil conspiracy, civil tort, and vicarious liability claims and that no private right of action existed for constitutional violations. In addition, the court found that no vicarious liability was possible where no underlying tort was pled. The court also designated this decision as a final appealable order but did not include Civ.R. 54(B) certification.

{¶ 16} Shutway promptly appealed the trial court's rulings on the motions to dismiss and for summary judgment. *Shutway v. Talebi*, 2d Dist. Champaign Nos. 2022-CA-25 and 2022-CA-26. We dismissed both appeals for lack of a final appealable order, because Shutway's claims against the unnamed defendants had not been resolved.

{¶ 17} Shutway did not thereafter seek Civ.R. 54(B) certification from the trial court, nor did he request leave to amend his complaint to identify the unnamed defendants. No new amended complaint was filed. However, on March 2, 2023, three documents titled "return of service of summon on complaint" were filed, indicating that an amended complaint had been served on three new individuals. Talebi, Whetherholt, and Schockling moved to strike the documents. On March 31, 2023, before the motion to strike was resolved, Shutway again appealed from the trial court's summary judgment and dismissal judgments.

{¶ 18} Shutway raises four assignments of error on appeal. Notably, he does not challenge the merits of the trial court's summary judgment and dismissal decisions. Rather, his arguments revolve around alleged procedural irregularities in the assignment of Judge Lewis to this case. We will address Shutway's claims in a manner that facilitates our analysis.

## II. Jurisdiction

{¶ 19} As an initial matter, Talebi, Whetherholt, and Magistrate Schockling assert that this appeal must be dismissed due to untimeliness and for lack of jurisdiction.

### A. Timeliness

{¶ 20} We first address whether Shutway's appeal was timely filed. The answer turns on when the underlying judgments became final and appealable.

{¶ 21} "The general rules regarding final appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure. A court first applies R.C. 2505.02(B) to determine whether the order 'affects a substantial right and whether it in effect determines an action and prevents a judgment.' If the court of appeals determines that the trial court order is final under R.C. 2505.02, the next step is to determine whether the trial court certified the order with the language of Civ.R. 54(B) – 'there is no just reason for delay.' The use of Civ.R. 54(B) certification by a trial court is discretionary." (Citations omitted.) *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 10; *Townsend v. Kettering*, 2022-Ohio-2710, 194 N.E.3d 457, ¶ 11 (2d Dist.).

{¶ 22} "It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed." *Nored v. Dayton City School Dist. Bd. of Edn.*, 2019-Ohio-1476, 129 N.E.3d 503, ¶ 3 (2d Dist.), citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶ 23} Shutway first filed a notice of appeal from the October 7, 2022 summary judgment decision on November 4, 2022. *Shutway v. Talebi*, 2d Dist. Champaign No. 2022-CA-25. He separately appealed the trial court's dismissal judgment on November 14, 2022. *Shutway v. Talebi*, 2d Dist. Champaign No. 2022-CA-26.

{¶ 24} In both appellate cases, we ordered Shutway to show cause why the appeal should not be dismissed for lack of a final appealable order. We noted that the amended complaint included claims against unnamed defendants, which had not been resolved, and the trial court had not provided Civ.R. 54(B) certification. We continued: "[W]here a civil action includes claims against John Doe defendants as to which the one-year period for service has not expired, and the plaintiff has not expressly abandoned those claims, a judgment in favor of other defendants that does not include a certification pursuant to Civ.R. 54(B) is not a final appealable order." *See Nored* at ¶ 7.

{¶ 25} Shutway did not respond to the show cause order in Case No. 2022-CA-25, and we dismissed the appeal for lack of jurisdiction. Decision & Final Judgment Entry (Dec. 19, 2022). He did respond to our show cause order in Case No. 2022-CA-26, but we nevertheless concluded that our show cause order was not satisfied. We also dismissed that appeal for lack of a final appealable order. Decision & Final Judgment Entry (Dec. 20, 2022). Shutway did not thereafter seek Civ.R. 54(B) certification from the trial court. Rather, he waited until March 31, 2023 – a year and three days following the filing of his amended complaint – to file the instant appeal of both the summary judgment and dismissal judgments.

{¶ 26} Talebi, Whetherholt, and Schockling state that Shutway arguably

abandoned his claims against the unnamed defendants. We have no basis to reach that conclusion. Shutway's March 28, 2022 amended complaint included claims against unnamed prosecutor's assistants and judicial assistants, and he had one year in which to name them. There is no suggestion in the record that he abandoned those claims. Rather, his ability to pursue those claims was foreclosed when the one-year period expired. *Werner Properties, Inc. v. Gasearch, LLC*, 2023-Ohio-1049, 214 N.E.3d 612, ¶ 18 (8th Dist.) ("when the one-year period for naming and serving John Doe defendants has expired, a judgment rendered as to other defendants may be considered final and appealable because the action never commenced against the John Doe defendants"). At that juncture, the trial court's previously interlocutory rulings against Talebi, Whetherholt, Magistrate Schockling, and Judge Selvaggio became final. *See Nored*.

{¶ 27} Shutway filed his notice of appeal within 30 days of the date when the trial court's judgments became final. Accordingly, we conclude that his appeal is timely.

### B. Jurisdiction

{¶ 28} Next, we consider whether this appellate court has "jurisdiction" over Shutway's appeal of matters related to Judge Lewis's assignment as a retired visiting judge. Talebi, Whetherholt, and Magistrate Schockling argue that this appeal must be dismissed because we cannot review the Ohio Supreme Court's appointment of a visiting judge, the Ohio Supreme Court has already addressed the issues Shutway raises, Shutway cannot enforce the authorities that he cites, and his claims have no merit.

{¶ 29} "The general term 'jurisdiction' can be used to connote several distinct concepts, including jurisdiction over the subject matter, jurisdiction over the person, and

jurisdiction over a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 18, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14. "A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Kuchta* at ¶ 19. Instead, "the focus is on whether the forum itself is competent to hear the controversy." *Corder* at ¶ 14, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.

{¶ 30} In contrast, "a court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta* at ¶ 19. This involves consideration of the rights of the parties. *Id.* When a court has subject-matter jurisdiction, any error in the exercise of jurisdiction over the case causes a judgment to be voidable rather than void. *Id.*

{¶ 31} In this case, Shutway has appealed the trial court's dismissal of his claims against Judge Selvaggio and its grant of summary judgment to Talebi, Whetherholt, and Magistrate Schockling in a civil action. This appellate court has subject matter jurisdiction over appeals from civil actions brought in the Champaign County Court of Common Pleas. Ohio Constitution, Article IV, Section 3; R.C. 2501.02(C).

{¶ 32} Talebi, Whetherholt, and Magistrate Schockling assert, however, that the Ohio Supreme Court's ruling on Shutway's affidavit of disqualification divests us of jurisdiction to address Shutway's claims. While the supreme court's ruling on Shutway's

affidavit of disqualification may govern our resolution of the issues Shutway raises, we disagree that it deprives us of jurisdiction over this appeal.

**{¶ 33}** Whether an assigned judge has authority to preside over a case generally may be raised on direct appeal. *State ex rel. Smith v. Triggs*, Ohio Slip Opinion No. 2023-Ohio-3098, __ N.E.3d. __, ¶ 7 ("Smith could have raised any issue regarding the transfer of his criminal case from Judge Ruehlman to Judge Schweikert in a direct appeal, which constitutes an adequate remedy in the ordinary course of the law."); *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 746 N.E.2d 1119 (2001) ("[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal."); *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 13; *see also In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 8.

**{¶ 34}** Talebi, Whetherholt, and Magistrate Schockling cite *Lloyd v. Thornsbery*, 11th Dist. Portage No. 2019-P-0080, 2021-Ohio-239, to support their contention that we lack jurisdiction to review a visiting judge's assignment. However, the Eleventh District relied on the law of the case doctrine articulated in *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). *Lloyd* at ¶ 11. The law of the case doctrine functions to compel inferior courts to follow the mandates of reviewing courts. *State v. W.T.D.*, 2d Dist. Montgomery No. 29238, 2022-Ohio-632, ¶ 18, citing *Nolan* at 3. It provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan* at 3. Therefore, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the

mandate of a superior court in a prior appeal in the same case." *Id*. at syllabus. The law of the case doctrine does not deprive the inferior court of jurisdiction to address the claim, such that the case must be dismissed.

{¶ 35} Finally, we note that "the issue before the chief justice in disqualification proceedings is a narrow one." *In re Disqualification of Burge*, 142 Ohio St. 3d 57, 2014-Ohio-5871, 28 N.E.3d 48, ¶ 4. "The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209-1210, 723 N.E.2d 1098 (1999), citing Ohio Constitution, Art. IV, Section 5(C), and R.C. 2701.03.

{¶ 36} Consistent with that limitation, we have previously held that "the disqualification of a judge of a court of common pleas for bias and prejudice is confided to the sole determination of the Chief Justice of the Supreme Court of Ohio, or a justice of the Ohio Supreme Court designated by the Chief Justice to perform that function." *E.g., Hanselman v. Hanselman*, 2d Dist. Montgomery No. 21615, 2007-Ohio-183, ¶ 92. We have further commented, however, that while we lack authority to determine whether a trial court judge should be disqualified for bias or should recuse himself, "[s]ome courts have recognized a distinction * * * where the question is not prospective disqualification or recusal but whether the judge's conduct during trial deprived the defendant of his due process rights." *State v. Evans*, 2d Dist. Montgomery No. 27178, 2017-Ohio-8184, ¶ 10, fn.3, citing *State v. Payne*, 149 Ohio App.3d 368, 2002-Ohio-5180, 777 N.E.2d 333, ¶ 11

(7th Dist.); *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 72.

**{¶ 37}** With these principles in mind, we reject Talebi, Whetherholt, and Schockling's argument that we must dismiss this appeal due to the supreme court's ruling on Shutway's affidavit of disqualification.

**{¶ 38}** Talebi, Whetherholt, and Schockling further argue that Shutway has no right to enforce the authority he cites, namely the Rules of Superintendence for the Courts of Ohio, the Supreme Court of Ohio Guidelines for Assignment of Judges, the Local Rules of the Champaign County Court of Common Pleas, and the Ohio Constitution. Whether Shutway can enforce these rules goes to the merits of his assignments of error, not this appellate court's jurisdiction over the appeal. Similarly, Talebi, Whetherholt, and Schockling's argument that Shutway "has not presented a reversible error" raises questions regarding the merits of his claims, not this court's jurisdiction to address them. Accordingly, we reject Talebi, Whetherholt, and Magistrate Schockling's assertion that this appeal must be dismissed for lack of jurisdiction.

### III. Judge Lewis's Assignment as Visiting Judge

**{¶ 39}** Shutway's first, second, and third assignments of error are each grounded in his belief that Judge Lewis was not properly assigned as a retired visiting judge to preside over his case. First, he raises that Judge Selvaggio, as administrative judge, erred by failing to follow court guidelines for the appointment of a visiting judge, including requirements regarding the filing of the certificate of assignment, and violated constitutional provisions requiring an oath of office for appointed judges. Second, Shutway claims that Judge Lewis erred and committed a fraud on the court by exercising

judicial duties before taking an oath of office for his assignment. Third, Shutway argues that the clerk of courts committed plain error by accepting entries from Judge Lewis without first receiving his oath of office and an original certificate of assignment from the administrative judge. Shutway's fourth assignment of error claims that the clerk of courts further erred by failing to file Shutway's "praecipes" as praecipes.

### A. Effect of Affidavit of Disqualification

{¶ 40} We begin with the fact that Shutway filed an affidavit of disqualification against Judge Lewis with the Supreme Court of Ohio. In his affidavit, Shutway raised the same alleged procedural deficiencies with Judge Lewis's assignment, including the absence of the original certificate of assignment in the court's miscellaneous docket, the administrative judge's failure to file Judge Lewis's assignment, Judge Lewis's failure to file a copy of his oath of office for this appointment, the fact that Judge Lewis no longer lives in Perry County, and Judge Lewis's failure to correct the filing of his praecipes as "motions." Shutway sought Judge Lewis's disqualification due to these alleged procedural errors.

{¶ 41} In denying the affidavit of disqualification, the supreme court concluded that Shutway had not established prejudice or bias on Judge Lewis's part. It reasoned:

Mr. Shutway has not established that Judge Lewis has hostile feelings toward him or that the judge has formed a fixed anticipatory judgment on any issue in the underlying cases. Nor has Mr. Shutway set forth a compelling argument for disqualifying Judge Lewis to avoid an appearance of partiality. Although an improper assignment may be evidence of an

appearance of impropriety warranting a judge's disqualification, Mr. Shutway has failed to establish that there were any improprieties relating to Judge Lewis's assignment to the underlying cases. As the documents submitted with Mr. Shutway's affidavits indicate, Mr. Shutway was previously advised that the implementation of an oath requirement for retired assigned judges has been delayed. Nothing about the assignment process here suggests that Judge Lewis would be unable to fairly and impartially preside over the underlying matters.

(Citation omitted.)

{¶ 42} Although the focus of the Ohio Supreme Court's review was for prejudice or bias, the supreme court expressly found that Shutway had not established improprieties related to Judge Lewis's assignment, and it permitted Judge Lewis to continue to preside over the case. Shutway claims the same procedural irregularities in Judge Lewis's appointment here. Consequently, under the law of the case doctrine, we must follow the supreme court's determination. And even assuming that we could consider Shutway's arguments anew, we conclude that no reversible error exists.

### B. Certificate of Assignment

{¶ 43} Under Ohio's Rules of Superintendence, the administrative judge of a trial court has the authority to assign cases to individual judges of the court, Sup.R. 4.01(C), and to request the assignment of a judge by the Chief Justice of the Ohio Supreme Court, Sup.R. 4.01(H), Sup.R. 36.019(B). The local rules of the Champaign County Court of Common Pleas states that the administrative judge of the General Division "shall seek

temporary assignments of judges whenever the Administrative Judge deems such assignment is required." Champaign G.D.L.R. 1.8(A). Under Section 2.06 of the Ohio Supreme Court's Guidelines for Assignment of Judges, the request for an assigned judge must be submitted by electronic means via the Ohio Supreme Court's website.

{¶ 44} In this case, the "judge assignment" portion of the Ohio Supreme Court website substantiates that Judge Selvaggio requested the assignment of a visiting judge for the Champaign County Court of Common Pleas, General Division, in Case No. 2022 CV 28, *Shutway v.Talebi.* Judge Lewis, a retired judge, was assigned by then-Chief Justice Maureen O'Connor as the visiting judge, effective March 29, 2022. Assignment No. 22JA0641. It is well established that the Chief Justice may assign any voluntarily retired judge to active duty as a judge. Ohio Constitution, Art. IV, Section 6(C).

{¶ 45} The supreme court's Guidelines indicate that the administrative judge requesting the assignment "shall direct the original certificate of assignment be filed with the clerk of the court to which the assigned judge has been assigned and included as part of the record in the case." Section 5.01(A). We have noted, however, that the Guidelines have not been adopted as rules and are not binding on Ohio courts. *PNC Mtge. v. Guenther*, 2d Dist. Montgomery No. 25385, 2013-Ohio-3044, ¶ 22, fn. 3, citing *Forsyth v. Feinstein*, 2d Dist. Clark No. 1999-CA-66, 2000 WL 192298, *2 (Feb. 18, 2000) and *Ward v. NationsBanc Mtge. Corp.*, 6th Dist. Erie No. E-05-040, 2006-Ohio-2766, ¶ 22; *see also Lloyd*, 11th Dist. Portage No. 2019-P-0080, 2021-Ohio-239, at ¶ 10. Moreover, we have recognized the validity of the assignment even when the certificate of assignment was not filed. *Id.*; *see also Marino v. Oriana House, Inc.*, 9th Dist. Summit

No. 23389, 2007-Ohio-1823, ¶ 9.

{¶ 46} Here, Judge Selvaggio, the administrative judge, had recused himself from the case, and Judge Lewis directed that his certificate of assignment be filed in this case. The certificate of assignment was filed on April 11, 2022. The certificate establishes that Judge Lewis had the authority to handle any proceedings in the trial court for the assignment period. *Guenther* at ¶ 22. We find no error in Judge Lewis's ordering that his certificate of assignment be filed.

### C. Oath of Office

{¶ 47} Shutway further asserts that Judge Lewis should not have taken any action in this case, nor should the clerk of courts have accepted any of Judge Lewis's filings, until Judge Lewis took an oath of office. He further faults Judge Selvaggio for failing to administer the oath of office to Judge Lewis.

{¶ 48} Shutway asserts that the Ohio and federal constitutions require public officials to take an oath of office. Of relevance here, Article XV, Section 7 of the Ohio Constitution states: "Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the constitution of the United States, and of this state, and also an oath of office."

{¶ 49} R.C. 3.23 sets forth the oath of office for judges and requires each judge to take the oath "on or before the first day of the judge's official term." The statute further addresses what the certificate of oath must contain, as well as when and to whom it must be transmitted.

{¶ 50} However, neither Article XV, Section 7 of the Ohio Constitution nor R.C.

3.23 requires an additional oath of office to be administered upon assignment as a retired judge. *State ex rel. Evans v. Shoemaker*, 10th Dist. Franklin No. 02AP-671, 2003-Ohio-757, ¶ 13, quoting *Evans v. Supreme Court of Ohio*, 119 Ohio Misc.2d 34, 2002-Ohio-3518, 773 N.E.2d 621, ¶ 27. As stated by the Tenth District: "[W]hen a retired judge is assigned to active duty, that judge is resuming the duties in that office. The judge's original oath of office satisfies the requirement that a judge take an oath of office before entering upon the discharge of his duties." *Id.* at ¶ 14.

{¶ 51} Shutway's exhibits attached to his affidavit of disqualification included emails between Shutway and the Ohio Supreme Court's chief legal counsel. Counsel indicated that a requirement that retired assigned judges take a one-time oath of office was not yet in effect. The Ohio Supreme Court's judgment entry regarding Shutway's affidavit of disqualification further noted that "the implementation of an oath requirement for retired assigned judges has been delayed." We find no support for Shutway's assertion that Judge Lewis was required to take an oath of office when he was assigned to this case. We note that Judge Lewis took a retired assigned judge oath of office on September 15, 2022, prior to his rulings on the defendants' dispositive motions.

{¶ 52} Even if an oath requirement existed for assigned retired judges, Shutway provides no authority for his contention that Judge Selvaggio, who had recused himself from the case, had the responsibility to administer the oath of office to Judge Lewis. We find no error in Judge Selvaggio's handling of the matter.

### D. Filings with the Clerk of Courts

{¶ 53} Finally, Shutway contends that the clerk of courts erred by improperly

labeling his praecipes on the court's docket; those "praecipes" sought to order the clerk to obtain a copy of Judge Lewis's oath of office, to remove Judge Lewis's existing entries from the docket, and to not accept future submissions from Judge Lewis. Even if the clerk should have labeled Shutway's filings differently on the docket, we find no prejudicial error. Shutway had no authority to order the clerk of courts to reject filings from Judge Lewis or to strike any of Judge Lewis's filings.

{¶ 54} Moreover, the clerk of courts lacked the discretion to reject documents from Judge Lewis for filing. "The clerk, as a ministerial officer of the court, has a duty by law to accept and file documents tendered to him or her." *State ex rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778, ¶ 10, quoting *Rhoades v. Harris*, 135 Ohio App.3d 555, 557, 735 N.E.2d 6 (1st Dist.1999). The clerk of courts is authorized to refuse to accept for filing only documents submitted for filing by a vexatious litigator who has failed to obtain leave to proceed under R.C. 2323.52. *Id.* at ¶ 10, citing R.C. 1907.20.

{¶ 55} Shutway's assignments of error are overruled.

### IV. Conclusion

{¶ 56} The trial court's judgments will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.