[Cite as *Shutway v. Melvin*, 2023-Ohio-4564.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| JOHN ANTHONY SHUTWAY | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-17 |
| | : | |
| v. | : | Trial Court Case No. 22 CV 0029 |
| | : | |
| MATTHEW MELVIN, ET AL. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on December 15, 2023

· · · · · · · · · · ·

JOHN ANTHONY SHUTWAY, Appellant, Pro Se

JEFFREY C. TURNER, DAWN M. FRICK and GABRIELLE E. KARL, Attorney for Appellee Tri County Regional Jail

ANGELICA M. JARMUSZ, Attorney for Appellees Matthew Melvin, Matthew Larmee, Josh Welty, Zac Prickett, Deputy Kemp, John McNeely, and Deputy Finfrock

PATRICK KASSON, THOMAS N. SPYKER and MAC MALONE, Attorneys for Appellees Gregory Nelson, Chad Duncan, Champaign County Dispatch Center, Steve Molton, Mark Feinstein, Roger Steffan, and Gil S. Weithman

· · · · · · · · · · · ·

WELBAUM, P.J.

{¶ 1} Appellant, John Anthony Shutway, appeals pro se from six judgments of the

Champaign County Court of Common Pleas that granted the appellees either judgment on the pleadings or summary judgment on all of Shutway's civil claims. The appellees are comprised of the following individuals and institutions.

1. *"County Officers"*:
   Champaign County Sheriff Matthew Melvin and Champaign County Sheriff's Deputies Matthew Larmee, Josh Welty, Zac Prickett, John McNeely, and Deputy Kemp, and Logan County Sheriff's Deputy Finfrock

2. *"Tremont City Officers"*:
   Tremont City Police Chief Gregory Nelson and Tremont City Police Sergeant Chad Duncan

3. *"Dispatch Center"*:
   Champaign County Dispatch Center and dispatcher Steve Molton

4. *"Prosecutors"*:
   Champaign County Prosecutors Roger Steffan and Mark Feinstein

5. *"Tri-County Jail"*:
   Tri-County Regional Jail

6. *"Judge Weithman":*
   Champaign County Municipal Court Judge Gil S. Weithman

{¶ 2} For the reasons outlined below, all six of the trial court's judgments granting the dispositive motions of the appellees will be affirmed.

**Facts and Course of Proceedings**

{¶ 3} On March 3, 2022, Shutway filed a civil complaint in the Champaign County Court of Common Pleas against the County Officers, Tremont Officers, Dispatch Center, Prosecutors, Tri-County Jail, and Judge Weithman. The allegations of the complaint sounded in tort, vicarious liability, and civil conspiracy. All of the allegations were related to events surrounding Shutway's arrest in Champaign County, Ohio, on March 20, 2018, and his arrest in Logan County, Ohio, on May 9, 2018.

{¶ 4} On March 20, 2018, Shutway was arrested after he failed to pull his vehicle over for a speeding violation in Tremont City, Clark County, Ohio, and led police officers on a chase that ended in Champaign County. Following his arrest, Shutway was charged in the Champaign County Municipal Court for several offenses and was released on bond. The State thereafter dismissed the municipal court charges subject to the jurisdiction of the Champaign County Court of Common Pleas, wherein Shutway was indicted for the same incident on charges of failure to comply with the order or signal of a police officer and obstructing official business. Because Shutway failed to appear at his arraignment, a capias was issued for his arrest. Shutway was thereafter arrested on May 9, 2018.

{¶ 5} Following a jury trial, Shutway was convicted of the indicted charges. On appeal, this court affirmed Shutway's convictions. *State v. Shutway*, 2d Dist. Champaign No. 2018-CA-39, 2020-Ohio-5035. Shutway thereafter appealed to the Supreme Court of Ohio, but the supreme court declined to review Shutway's criminal appeal. *State v. Shutway*, 161 Ohio St.3d 1441, 2021-Ohio-375, 162 N.E.3d 829.

{¶ 6} After the supreme court declined to review Shutway's criminal appeal,

Shutway filed his civil complaint against the appellees. The supreme court assigned retired Judge Linton D. Lewis to preside over the matter as visiting judge after Champaign County Common Pleas Court Judge Nicholas A. Selvaggio recused himself. Following his assignment, Judge Lewis issued a journal entry ordering his certificate of assignment to be filed in Shutway's civil case. The certificate of assignment was filed on April 11, 2022.

{¶ 7} Between April and June 2022, all of the defendants/appellees named in Shutway's complaint, excluding Judge Weithman, filed either a motion for judgment on the pleadings or a motion for summary judgment arguing for the dismissal of Shutway's civil claims. In the motions, the defendants/appellees raised several arguments, including that Shutway failed to state a claim, that the defendants/appellees were entitled to immunity, and that Shutway's claims were barred by res judicata, claim preclusion, and the applicable statute of limitations.

{¶ 8} Before Judge Lewis ruled on the aforementioned motions, on August 4, 2022, Shutway filed an affidavit of disqualification with the Supreme Court of Ohio that sought to remove Judge Lewis from his case. In the affidavit, Shutway alleged that Judge Lewis had failed to file an oath of office for his appointment as visiting judge. Shutway also claimed that Judge Lewis's certificate of assignment was not filed by the administrative judge as required by the Supreme Court of Ohio's Guidelines for Assignment of Judges. Shutway claimed that these failures warranted Judge Lewis's removal because they violated the Ohio Constitution, the Ohio Revised Code, and the aforementioned guidelines.

{¶ 9} On August 15, 2022, the Supreme Court of Ohio denied Shutway's affidavit of disqualification and allowed the case to proceed before Judge Lewis. *In re Disqualification of Hon. Linton Lewis,* Supreme Court of Ohio Case Nos. 22-AP-090 and 22-AP-091. In reaching that decision, the supreme court explained that "the implementation of an oath requirement for retired assigned judges has been delayed." The supreme court also found that "[n]othing about the assignment process here suggests that Judge Lewis would be unable to fairly and impartially preside over the underlying matters." *Id.*

{¶ 10} Following the denial of Shutway's affidavit of disqualification, between September 6, 2022, and October 3, 2022, Judge Lewis issued separate judgments granting each of the motions for judgment on the pleadings and summary judgment filed by the defendants/appellees. On October 19, 2022, Judge Weithman also filed a motion for judgment on the pleadings, which Judge Lewis granted on April 10, 2023. As a result of these judgments, all of Shutway's civil claims against the defendants/appellees were dismissed.

{¶ 11} Prior to that, Shutway filed a second affidavit of disqualification for the removal of Judge Lewis on February 7, 2023. In the second affidavit, Shutway raised the same arguments that were raised in his first affidavit. Shutway additionally argued that Judge Lewis had demonstrated bias in favor of certain parties by accepting untimely filings and by allegedly failing to require one of the parties to answer his complaint. Judge Lewis filed a response denying any bias, prejudice, or favoritism toward any party or attorney in Shutway's case. Judge Lewis also submitted a copy of his retired assigned

judge oath of office. On February 23, 2023, the Supreme Court of Ohio issued a decision rejecting Shutway's claims and denying his second affidavit of disqualification.

{¶ 12} After the supreme court denied Shutway's second affidavit of disqualification, and after Judge Lewis had granted all of the dispositive motions filed by the defendants/appellees, on May 10, 2023, Shutway filed a timely notice of appeal from each of the trial court's judgments granting the dispositive motions. In support of his appeal, Shutway filed an appellate brief raising four assignments of error for review. Shutway's assignments of error do not challenge the merits of the trial court's judgments, but rather raise arguments pertaining to alleged procedural deficiencies in Judge Lewis's assignment to his case and alleged errors committed by the Champaign County Clerk of Courts.

**Jurisdiction**

{¶ 13} Before discussing Shutway's assignments of error, we will first address jurisdictional claims raised by some of the appellees herein. The first claim is that the Supreme Court of Ohio's rulings on Shutway's affidavits of disqualification divested this court of jurisdiction to address Shutway's claims on appeal since all of his claims pertain to Judge Lewis's assignment. The appellees also argue that Shutway's appeal must be dismissed for lack of jurisdiction because Shutway cannot enforce the authorities that he cites and because he has not presented a reversible error.

{¶ 14} This court recently addressed the exact same jurisdictional arguments in *Shutway v. Talebi*, 2d Dist. Champaign No. 2023-CA-14, 2023-Ohio-3818. In *Talebi*,

Shutway filed a civil complaint against Prosecutor Kevin S. Talebi, Magistrate Scott Schockling, Assistant Prosecutor Samantha B. Whetherholt, and Judge Selvaggio. *Id.* at ¶ 4. The Supreme Court of Ohio assigned Judge Lewis to that case as well and Shutway attempted to have Judge Lewis removed by filing the same affidavit of disqualification that he filed in this case on August 4, 2022. *Id.* at ¶ 5 and ¶ 12.

{¶ 15} Like the present case, Shutway was unsuccessful at having Judge Lewis removed, and Judge Lewis thereafter granted summary judgment to Talebi, Schockling, and Whetherholt, and a Civ.R. 12(B)(6) dismissal to Judge Selvaggio. *Id.* at ¶ 12-15. Shutway appealed from those judgments and only raised claims pertaining to Judge Lewis's assignment as visiting judge. *Id.* at ¶ 17-18. In response to the appeal, the appellees in *Talebi* raised the same jurisdictional arguments that are raised herein. *Id.* at ¶ 28.

{¶ 16} When addressing the jurisdictional arguments, we noted in *Talebi* that "this appellate court has subject matter jurisdiction over appeals from civil actions brought in the Champaign County Court of Common Pleas." *Id.* at ¶ 31, citing Ohio Constitution, Article IV, Section 3; R.C. 2501.02(C). Similar to *Talebi*, the instant appeal is from the trial court's judgments granting judgment on the pleadings and summary judgment on claims in a civil action.

{¶ 17} We also recognized in *Talebi* that "[w]hether an assigned judge has authority to preside over a case generally may be raised on direct appeal." *Id.* at ¶ 33, citing *State ex rel. Smith v. Triggs*, Ohio Slip Opinion No. 2023-Ohio-3098, __ N.E.3d __, ¶ 7 ("Smith could have raised any issue regarding the transfer of his criminal case from

Judge Ruehlman to Judge Schweikert in a direct appeal, which constitutes an adequate remedy in the ordinary course of the law."); *State ex rel. Key v. Spicer*, 91 Ohio St.3d 469, 470, 746 N.E.2d 1119 (2001) ("[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal."); *State ex rel. Harris v. Turner*, 160 Ohio St.3d 506, 2020-Ohio-2901, 159 N.E.3d 1121, ¶ 13; *see also In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 8.

{¶ 18} Some of the appellees in this case argue that the decision in *Lloyd v. Thornsbery*, 11th Dist. Portage No. 2019-P-0080, 2021-Ohio-239, supports their claim that we lack jurisdiction to review a visiting judge's assignment. In *Talebi*, we rejected this argument on the following grounds:

> [T]he Eleventh District [in *Lloyd*] relied on the law of the case doctrine articulated in *Nolan v. Nolan*, 11 Ohio St.3d 1, 462 N.E.2d 410 (1984). *Lloyd* at ¶ 11. The law of the case doctrine functions to compel inferior courts to follow the mandates of reviewing courts. *State v. W.T.D.*, 2d Dist. Montgomery No. 29238, 2022-Ohio-632, ¶ 18, citing *Nolan* at 3. It provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan* at 3. Therefore, "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Id.* at syllabus. *The law of the case doctrine does not deprive the inferior court of jurisdiction to*

*address the claim, such that the case must be dismissed.*

(Emphasis added.) *Talebi* at ¶ 34.

**{¶ 19}** In addition, we explained in *Talebi* that:

"The constitutional and statutory responsibility of the Chief Justice in ruling on an affidavit of disqualification is limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209-1210, 723 N.E.2d 1098 (1999), citing Ohio Constitution, Art. IV, Section 5(C), and R.C. 2701.03.

Consistent with that limitation, we have previously held that "the disqualification of a judge of a court of common pleas for bias and prejudice is confided to the sole determination of the Chief Justice of the Supreme Court of Ohio, or a justice of the Ohio Supreme Court designated by the Chief Justice to perform that function." *E.g., Hanselman v. Hanselman*, 2d Dist. Montgomery No. 21615, 2007-Ohio-183, ¶ 92. We have further commented, however, that while we lack authority to determine whether a trial court judge should be disqualified for bias or should recuse himself, "[s]ome courts have recognized a distinction * * * where the question is not prospective disqualification or recusal but whether the judge's conduct during trial deprived the defendant of his due process rights." *State v. Evans*, 2d Dist. Montgomery No. 27178, 2017-Ohio-8184, ¶ 10, fn.3, citing *State v. Payne*, 149 Ohio App.3d 368, 2002-Ohio-5180, 777 N.E.2d 333,

¶ 11 (7th Dist.); *Dibert v. Carpenter*, 2018-Ohio-1054, 98 N.E.3d 350, ¶ 72. *Talebi,* 2d Dist. Champaign No. 2023-CA-14, 2023-Ohio-3818, at ¶ 35-36.

**{¶ 20}** In light of the foregoing principles, and in conformity with our decision in *Talebi*, which addressed the exact same jurisdictional issue raised herein, we reject the appellees' argument that we must dismiss the appeal due to the Supreme Court of Ohio's rulings on Shutway's affidavits of disqualification. While those rulings may govern our resolution of the issues that Shutway has raised on appeal, we do not find that the rulings deprive us of jurisdiction over the appeal. *See id.* at ¶ 32.

**{¶ 21}** We also reject the appellees' argument that this court lacks jurisdiction due to Shutway having "no ability to enforce the authorities he cites[,]" i.e., the Rules of Superintendence for the Courts of Ohio, the Supreme Court of Ohio's Guidelines for Assignment of Judges, the Local Rules of the Champaign County Court of Common Pleas, and the Ohio Constitution. As we explained in *Talebi*, "[w]hether Shutway can enforce these rules goes to the merits of his assignments of error, not this appellate court's jurisdiction over the appeal." *Id.* at ¶ 38.

**{¶ 22}** We further reject the appellees' claim that this court lacks jurisdiction because Shutway "has not presented a reversible error." In *Talebi*, we rejected this argument because it "raises questions regarding the merits of [Shutway's] claims, not this court's jurisdiction to address them." *Id.*

**{¶ 23}** For all the foregoing reasons, the appellees' claim that this appeal must be dismissed for lack of jurisdiction is not well taken.

**First Assignment of Error**

{¶ 24} Under his first assignment of error, Shutway claims that the administrative judge, Judge Selvaggio, erred by failing to have Judge Lewis's original certificate of assignment filed with the clerk of courts as required by the Supreme Court of Ohio's Guidelines for Assignment of Judges. Shutway claims that the certificate of assignment filed by Judge Lewis on April 11, 2022, violated those guidelines and was void of authority. Shutway also claims that Judge Selvaggio violated the constitution by failing to administer an oath of office to Judge Lewis for his appointment as a visiting retired judge.

{¶ 25} We addressed the exact same arguments in *Talebi* and rejected them. Specifically, we found in *Talebi* that because Shutway had raised the same alleged procedural deficiencies with Judge Lewis's assignment in his August 4, 2022 affidavit of disqualification, which was denied by the Supreme Court of Ohio, the law of the case doctrine required this court to follow the supreme court's ruling on the matter. *Talebi*, 2d Dist. Champaign No. 2023-CA-14, 2023-Ohio-3818, at ¶ 40-42.

{¶ 26} As previously discussed, "[t]he law of the case doctrine functions to compel inferior courts to follow the mandates of reviewing courts." *Id.* at ¶ 34, citing *State v. W.T.D.*, 2d Dist. Montgomery No. 29238, 2022-Ohio-632, ¶ 18. (Other citation omitted.) "It provides that 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Id.*, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶ 27} In this case, when denying Shutway's first affidavit of disqualification, the

Supreme Court of Ohio concluded that Shutway had not established prejudice or bias on Judge Lewis's part. As noted in *Talebi*: "Although the focus of the [supreme court's] review was for prejudice or bias, the supreme court expressly found that Shutway had not established improprieties related to Judge Lewis's assignment, and it permitted Judge Lewis to continue to preside over the case." *Id.* at ¶ 42.

{¶ 28} When denying Shutway's second affidavit, which raised the same alleged procedural deficiencies in Judge Lewis's assignment, the supreme court declined to readdress the matter. *See In re Disqualification of Hon. Linton Lewis Jr.,* Supreme Court of Ohio Case No. 23-AP-014 (Feb. 23, 2023). The supreme court also rejected Shutway's additional claim that Judge Lewis had demonstrated bias in favor of certain parties. *Id.*

{¶ 29} In *Talebi*, we explained that because the supreme court expressly found that Shutway had not established improprieties related to Judge Lewis's assignment, "under the law of the case doctrine, we must follow the supreme court's determination." *Talebi* at ¶ 42. We also found that even if "we could consider Shutway's arguments anew, we [would] conclude that no reversible error exists." *Id.*

{¶ 30} No reversible error exists because the Supreme Court of Ohio's Guidelines for Assignment of Judges "have not been adopted as rules and are not binding on Ohio courts[.]" (Citations omitted.) *Id.* at ¶ 45. Therefore, although guideline 9.01(A) (formally 5.01(A)) requires the administrative judge to "direct the original certificate of assignment be filed with the clerk of court to which the assigned judge has been assigned[,]" this court has recognized the validity of an assignment even when the

certificate of assignment has not been filed. *Id.* at ¶ 45, citing *PNC Mtge. v. Guenther*, 2d Dist. Montgomery No. 25385, 2013-Ohio-3044, ¶ 22, fn. 3. *See also Marino v. Oriana House, Inc.*, 9th Dist. Summit No. 23389, 2007-Ohio-1823, ¶ 9.

{¶ 31} There is also no reversible error with regard to Shutway's argument that Judge Selvaggio violated constitutional obligations by failing to administer an oath of office to Judge Lewis. Article XV, Section 7 of the Ohio Constitution states that: "Every person chosen or appointed to any office under this state, before entering upon the discharge of its duties, shall take an oath or affirmation, to support the constitution of the United States, and of this state, and also an oath of office." R.C. 3.23 also requires each judge to take the oath "on or before the first day of the judge's official term" and it addresses what the certificate of oath must contain, as well as when and to whom it must be transmitted. However, in *Talebi*, we explained that "[n]either Article XV, Section 7 of the Ohio Constitution nor R.C. 3.23 requires an additional oath of office to be administered upon assignment as a retired judge." (Citations omitted.) *Talebi* at ¶ 50. " '[W]hen a retired judge is assigned to active duty, that judge is resuming the duties in that office. The judge's original oath of office satisfies the requirement that a judge take an oath of office before entering upon the discharge of his duties.' " *Id.*, quoting *State ex rel. Evans v. Shoemaker*, 10th Dist. Franklin No. 02AP-671, 2003-Ohio-757, ¶ 14.

{¶ 32} The record in *Talebi* (and in the present case) also established that Shutway had received an e-mail from the Supreme Court of Ohio's Chief Legal Counsel wherein "[c]ounsel indicated that a requirement that retired assigned judges take a one-time oath of office was not yet in effect." *Id.* at ¶ 51. The supreme court's judgment entry denying

Shutway's first affidavit of disqualification also specifically stated that "the implementation of an oath requirement for retired assigned judges has been delayed." *In re Disqualification of Hon. Linton Lewis*, Supreme Court of Ohio Case Nos. 22-AP-090 and 22-AP-091 (Aug. 15, 2022).

{¶ 33} Based on the foregoing, we held in *Talebi* that there was "no support for Shutway's assertion that Judge Lewis was required to take an oath of office when he was assigned to this case." *Talebi* at ¶ 51. We also found that "[e]ven if an oath requirement existed for assigned retired judges, Shutway provides no authority for his contention that Judge Selvaggio, who had recused himself from the case, had the responsibility to administer the oath of office to Judge Lewis." *Id.* at ¶ 52.

{¶ 34} Upon review, we reach the same conclusions that we reached in *Talebi*. That is, under the law of the case doctrine, we must follow the Supreme Court of Ohio's decision finding no impropriety with regard to Judge Lewis's assignment. In addition, we find that the Supreme Court of Ohio's Guidelines for Assignment of Judges are not binding on this court, that there was no requirement for Judge Lewis to take an oath of office for his assignment, and that Judge Selvaggio was not required to administer an oath of office to Judge Lewis.

{¶ 35} For all the foregoing reasons, Shutway's first assignment of error is overruled.

**Second Assignment of Error**

{¶ 36} Under his second assignment of error, Shutway claims that Judge Lewis

erred and committed a fraud upon the court by exercising judicial duties before taking an oath of office for his assignment as visiting retired judge. We reject this claim for the reasons discussed under Shutway's first assignment of error. As previously discussed, Judge Lewis was not required to take an oath of office when he was assigned to this case. Because no oath of office was required, Shutway's claim that Judge Lewis erred and committed a fraud upon the court by exercising judicial duties before taking an oath lacks merit. Accordingly, Shutway's second assignment of error is overruled.

## Third and Fourth Assignments of Error

{¶ 37} Shutway's third and fourth assignments of error both concern alleged errors committed by the Champaign County Clerk of Courts ("the clerk"). Under his third assignment of error, Shutway claims that the clerk erred by accepting entries from Judge Lewis without first receiving his oath of office and an original certificate of assignment from the administrative judge. In *Talebi*, we rejected the same argument and explained that:

> [T]he clerk of courts lacked the discretion to reject documents from Judge Lewis for filing. "The clerk, as a ministerial officer of the court, has a duty by law to accept and file documents tendered to him or her." *State ex rel. Montgomery Cty. Pub. Defender v. Siroki*, 108 Ohio St.3d 334, 2006-Ohio-1065, 843 N.E.2d 778, ¶ 10, quoting *Rhoades v. Harris*, 135 Ohio App.3d 555, 557, 735 N.E.2d 6 (1st Dist.1999). The clerk of courts is authorized to refuse to accept for filing only documents submitted for filing

by a vexatious litigator who has failed to obtain leave to proceed under R.C. 2323.52. *Id.* at ¶ 10, citing R.C. 1907.20.

*Talebi*, 2d Dist. Champaign No. 2023-CA-14, 2023-Ohio-3818, at ¶ 54.

{¶ 38} Upon review, we reach the same conclusion that we reached in *Talebi* and find that the clerk did not err by accepting Judge Lewis's entries for filing.

{¶ 39} Under his fourth assignment of error, Shutway claims that the clerk erred by improperly labeling three praecipes on the court's docket. The praecipes in question were all filed by Shutway. In the praecipes, Shutway sought to order the clerk to obtain a copy of Judge Lewis's oath of office, to remove Judge Lewis's existing entries from the docket, and to refuse to accept future submissions from Judge Lewis. The record establishes that the clerk labeled all three praecipes as motions. By doing so, Shutway claims that the clerk tampered with the record and improperly made judicial decisions.

{¶ 40} In *Talebi*, we rejected the same argument and found that: "Even if the clerk should have labeled Shutway's filings differently on the docket, we find no prejudicial error." *Talebi*, 2d Dist. Champaign No. 2023-CA-14, 2023-Ohio-3818, at ¶ 53. We also found that "Shutway had no authority to order the clerk of courts to reject filings from Judge Lewis or to strike any of Judge Lewis's filings." *Id.*

{¶ 41} Upon review, we agree with our analysis in *Talebi* and find no prejudicial error with regard to how the clerk labeled Shutway's praecipes on the docket. We also agree that Shutway did not have authority to order the clerk to reject or strike Judge Lewis's filings.

{¶ 42} For the foregoing reasons, Shutway's third and fourth assignments of error

are overruled.

## Conclusion

{¶ 43} Having overruled all of Shutway's assignments of error, the trial court's six judgments granting the appellees' dispositive motions are affirmed.

. . . . . . . . . . . . .

TUCKER, J. and EPLEY, J., concur.